UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAIR "BUBBY" KERRICK,<br><br>  Plaintiff,<br><br>v.<br><br>TOWN OF GORHAM, ZACHARY EDDINGER, FREDERICK LIGHTFOOTE, AND BRANDON AYERS<br><br>  Defendants. | **COMPLAINT**<br><br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Clair "Bubby" Kerrick ("Plaintiff" or "Kerrick"), by and through undersigned counsel, alleges as follows against Defendant Town of Gorham, and in their individual capacities, Defendants Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers.

**PARTIES**

1. Plaintiff Clair Kerrick, aka Bubby Kerrick, resides in Stanley, NY.

2. Kerrick was an employee of the Town of Gorham's Highway Department until his termination on or around July 15, 2024.

3. Defendant Town of Gorham is a municipality organized under the laws of the State of New York located in Ontario County.

4. Defendant Zachary Eddinger was the Town's Highway Superintendent during the events relevant to this action.

5. Eddinger, under Highway Law § 140(4), held the highest supervisory and managerial position of the Town's Highway Department, with the discretionary and final authority to terminate Town employees working in the Highway Department.

1

6. Defendant Frederick Lightfoote was the Supervisor of the Town during the events relevant to this action.

7. Defendant Brandon Ayers was, upon information and belief, the Town's Deputy Highway Superintendent during the events relevant to this action.

8. During all relevant times, Defendants were acting under color of state law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the United States, State of New York and the Town of Gorham.

## JURISDICTION

9. This Court maintains jurisdiction under 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because the parties are located and reside in this District, and it is where a substantial part of the events occurred.

## FACTUAL BACKGROUND

11. Kerrick began full time employment with the Town as a motor equipment operator (MEO) more than two decades ago in 1999.

12. Upon information and belief, the Town's Highway Superintendent Zachary Eddinger was stopped by law enforcement on suspicion of driving while under the influence, and subsequently lost his driver's license on or around January 1, 2023.

13. In or around March 2023, Kerrick informed Town Deputy Highway Superintendent Doug Gruschow and Town Board Member (and former Ontario County Sheriff) Brian Lazarus that he had seen Eddinger driving his Town truck after hearing his driver's license was suspended.

14. Mr. Gruschow responded, in sum or substance, that the matter was out of his control.

15. Kerrick's disclosure to Lazarus occurred at Kerrick's house. Lazarus was at Kerrick's house because he had previously indicated to Kerrick that he wanted to meet to discuss that he was running for Town Supervisor and hear Kerrick's thoughts about the Highway Department.

16. There Kerrick told Lazarus that he believed Eddinger was driving the Town truck with a suspended license. Lazarus responded that he was going to call the Ontario County District Attorney's Office about the issue.

17. Kerrick also disclosed to Lazarus that, in sum or substance, Eddinger had obtained and was storing a mini excavator at the Highway Department that had yet to be paid for, and was attempting to secure it without the required Town Board approval.

18. Soon after Kerrick's disclosure about Eddinger's driver's license to Lazarus, Eddinger stopped driving the Town truck and was not physically present at work.

19. Upon information and belief, Lazarus raised the issue about the mini excavator with Eddinger and Lightfoote. The mini excavator was eventually removed from the Highway Department and returned to the dealership.

20. On or around April 5, 2023, Mr. Gruschow asked Kerrick to go to the Town highway barns, call in employees and survey damages occurring at the time due to a heavy rainstorm. When Kerrick arrived Town highway employees were already there. Kerrick asked what the employees were doing. One of the employees asked, in sum or substance, "what are you doing here you fat fuck?" Kerrick then voiced his frustrations at these employees for not working during the storm.

21. Later that evening a sheriff and state trooper showed up at Kerrick's house to request that he not bring a fight to work the next day. Kerrick told law enforcement, in words or substance, that there was no actual or threatened physical fight, and he had simply voiced his frustrations to his coworkers under stressful conditions.

22. On or around April 7, 2023, Lightfoote informed Kerrick, in words or substance, not to show up to work until further notice.

23. Kerrick had continuously worked full time for the Town as a MEO for more than five years before Lightfoote told Kerrick not to show up to work.

24. After Lightfoote told Kerrick not to show up to work, the Town, upon information and belief, used Kerrick's accrued leave time to pay him.

25. On or around early May 2023, Eddinger provided Kerrick the option of resigning in lieu of termination.

26. Kerrick declined to resign.

27. In a letter dated May 15, 2023, Eddinger informed Kerrick that his employment with the Town was terminated.

28. Before Lightfoote told Kerrick not to show up to work in April 2023, the Town never provided him with any formal notice or hearing pursuant to Civil Service Law § 75.

29. Before terminating Kerrick in May 2023, the Town never provided him with any formal notice or hearing pursuant to Civil Service Law § 75.

30. On or around September 15, 2023, Kerrick commenced an Article 78 proceeding in the Ontario County Supreme Court.

31. Kerrick filed the Article 78 action to obtain the process he was due under Civil Service Law § 75, along with the backpay and other remuneration the Town had not provided him after Lightfoote told him not to show up to work in or around April 2023.

32. On or around March 22, 2024, Eddinger provided Kerrick, through counsel, a notice of disciplinary charges under Civil Service Law § 75.

33. This March 22, 2024 notice of disciplinary charges was the first such notice Eddinger or the Town had provided Kerrick since he was suspended in April 2023 and terminated in May 2023.

34. A hearing pursuant to Civil Service Law § 75 was held on or around April 26 and May 1, 2024, after which the hearing officer issued a written decision that did not recommend Kerrick's termination.

35. On or around July 15, 2024, the Town's Deputy Highway Superintendent Brandon Ayers terminated Kerrick's employment with the Town because Eddinger had delegated his final decision-making authority over Kerrick's employment to Ayers.

36. On or around August 22, 2024, Kerrick served the Town with a Notice of Claim concerning his termination as communicated by Mr. Ayers. More than 30 days have elapsed since such service, and the Town has neglected or refused to satisfy the claim.

**FIRST CAUSE OF ACTION**
**FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983**
**AND THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**
**Defendant Town of Gorham**
**Defendants Frederick Lightfoote, Zachary Eddinger, and Brandon Ayers in their individual capacities**

37. All paragraphs of this Complaint are realleged herein.

38. Kerrick spoke as a private citizen on a matter of public concern when he disclosed to Lazarus that Eddinger was driving a Town vehicle with a suspended license, and attempting to secure equipment without the required Town approval procedures.

39. The subject matter of such disclosures:

   a. did not affect Kerrick's ability to properly execute his job duties;

   b. were not matters ordinarily within the scope of Kerrick's job duties; and

   c. were matters of public concern.

40. Soon after these disclosures, Lightfoote, upon information and belief with the consent of Eddinger, told Kerrick not to return to work on or around April 7, 2023.

41. Lightfoote was acting as the Town's final policymaker concerning Kerrick's employment when he told Kerrick not to return to work.

42. Lightfoote informed Kerrick not to return to work on or around April 7, 2023 in retaliation for the disclosures to Lazarus.

43. Kerrick filed an Article 78 state court action in or around September 2023 which alleged he was improperly denied his due process rights under Civil Service Law § 75.

44. On or around March 22, 2024 the Town and Eddinger first began to provide Kerrick with his Section 75 due process rights concerning his removal from employment in April 2023.

45. When Ayers terminated Kerrick on or around July 15, 2024, he was acting as the Town's final policymaker concerning Kerrick's employment.

46. Ayers formally provided Kerrick notice of his termination on or around July 15, 2024, because of Kerrick's disclosures to Lazarus and his Article 78 action.

47. Upon information and belief, Lightfoote told Kerrick not to return to work in April 2023, Eddinger notified Kerrick of his termination in May 2023, and Ayers terminated Kerrick's employment in July 2024, because the Town's training and/or supervision concerning its legal obligations, including pursuant to the First Amendment, was deficient, such deficiency reflected the Town's deliberate indifference to the likelihood of a constitutional violation, and the deficient training and/or supervision caused such violation.

48. Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Kerrick's rights.

49. As a result of Defendants' unlawful conduct, Kerrick has suffered harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

### SECOND CAUSE OF ACTION
### DEPRIVATION OF DUE PROCESS PURSUANT TO 42 U.S.C. § 1983
### AND THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
### Defendant Town of Gorham
### Defendants Frederick Lightfoote and Zachary Eddinger in their individual capacities

50. All paragraphs of this Complaint are realleged herein.

51. Kerrick had a constitutional right to be free from deprivation of his property interest in continued employment with the Town through its Highway Department without due process of law.

52. Before April 1, 2023, Kerrick had worked for the Town in a labor class position for at least five years with continuous service.

53. After serving five years of continuous service in a labor class position, the Town could not remove Kerrick or otherwise subject him "to any disciplinary penalty except for

incompetency or misconduct shown after a hearing upon stated charges." *See* Civil Service Law §§ 75(1)(c).

54. Civil Service Law § 75(2) states, in part:

> A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred….

55. Defendant Lightfoote violated lawful procedure and Kerrick's due process rights when he told him not to return to work on or around April 7, 2023 without notice of disciplinary charges pursuant to Civil Service Law § 75.

56. Defendant Eddinger violated lawful procedure and Kerrick's due process rights when he informed Kerrick his employment with the Town was terminated on or around May 15, 2023 without notice of disciplinary charges pursuant to Civil Service Law § 75.

57. Eddinger first began to provide Kerrick his Section 75 due process rights concerning his removal from employment when he provided Kerrick, through his counsel, notice of disciplinary charges on or around March 22, 2024.

58. Lightfoote and Eddinger removed Kerrick from his employment with the Town's Highway Department without affording him due process under Civil Service Law § 75 from on or around April 10, 2023 to March 22, 2024.

59. Lightfoote's suspension and Eddinger's termination of Kerrick's employment with the Town's Highway Department in 2023 violated lawful procedure, Kerrick's due process rights, was an error of law, and arbitrary and capricious.

60. Upon information and belief, Lightfoote, with Eddinger's consent, told Kerrick not to return to work in April 2023, and Eddinger notice to Kerrick that the Town was

8

terminating his employment in May 2023, occurred because the Town's training and/or supervision concerning its legal obligations, including under the Civil Service Law and the Fourteenth Amendment to the U.S. Constitution, was deficient, such deficiency reflected the Town's deliberate indifference to the likelihood of a constitutional violation, and the deficient training and/or supervision caused such violation.

61. Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Kerrick's rights.

62. As a result of Defendants' unlawful conduct, Kerrick has suffered harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### WHISTLEBLOWER RETALIATION UNDER CIVIL SERVICE LAW § 75-B
**Defendant Town of Gorham**

63. All paragraphs of this Complaint are realleged herein.

64. By formally terminating Kerrick's employment in 2024, Defendants unlawfully retaliated against Kerrick because he disclosed to a governmental body information: regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; and which Kerrick reasonably believed to be true and reasonably believed constituted an improper governmental action.

65. Defendants' unlawful retaliatory actions were willful, malicious, and wanton.

66. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Kerrick has suffered and continues to suffer harm for which he is entitled to an award of damages to the greatest extent permitted by law, a civil penalty, and interest, costs, expenses, and reasonable attorney's fees.

## REQUESTS FOR RELIEF

Plaintiff Clair "Bubby" Kerrick respectfully requests that this Court enter a judgment:

A. Reinstating Plaintiff to his former employment with the Town, along with full backpay and all prior benefits and rights;

B. Awarding compensatory and punitive damages, civil penalties or liquidated damages, and other statutory relief and damages in an amount to be determined at trial, including without limitation back pay, front pay, lost wages, benefits, and other remuneration;

C. Awarding Kerrick his costs, disbursements, pre- and post-judgment interest, and reasonable attorney's fees; and

D. Granting other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters triable by jury.

Dated: January 5, 2026　　　　　　　　　**GREGORY L. SILVERMAN, ESQ., PLLC**

By:　s/ Gregory L. Silverman
118 Genesee St.
Geneva, NY 14456
Tel: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Clair "Bubby" Kerrick*