UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CLAIR "BUBBY" KERRICK,<br><br>               Plaintiff,<br><br>     v.<br><br>TOWN OF GORHAM, ZACHARY EDDINGER, FREDERICK LIGHTFOOTE, AND BRANDON AYERS,<br><br>               Defendants. | **ATTORNEY DECLARATION**<br><br>Civil Action No.: 26-cv-06006 |

Ryan Lefkowitz Esq., an attorney duly licensed to practice law in the State of New York and in the United States District Court, Western District of New York, declares under penalties of perjury:

1.    I am an attorney at the law firm of Adams Leclair, LLP, attorneys for Defendants Town of Gorham, Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers (collectively, "Defendants"). I make this declaration pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in support of Defendants' motion to dismiss for failure to state a claim.

2.    I have reviewed the docket of the New York Supreme Court Case *Clair Kerrick et al v. Gorham Town*, Index No. 137063-2023, filed in Ontario County (the "Article 78 proceeding"). The full docket can be accessed at: https://iapps.courts.state.ny.us/nyscef/HomePage

3.    On September 15, 2023, Plaintiff Clair "Bubby" Kerrick ("Plaintiff") filed a Petition (the "Petition") and initiated an Article 78 proceeding against the Town of Gorham. Attached as **Exhibit A** is a true and accurate copy of the Petition filed by Plaintiff.

4.      In both the Complaint filed in this action (the "Complaint") and the Petition, Plaintiff alleged "[o]n or around early May 2023, Mr. Eddinger provided Petitioner the option of resigning in lieu of termination." (Ex. A, ¶ 14; Compl. ¶ 25).

5.      In support of this allegation in the Petition, Plaintiff attached a letter sent by Eddinger to Plaintiff as an exhibit (the "Resignation Offer Letter"). Attached as **Exhibit B** is a true and accurate copy of the exhibit filed by Plaintiff in support of this allegation in the Petition.

6.      In both the Complaint and the Petition, Plaintiff alleged "[i]n a letter dated May 15, 2023, [Eddinger] informed [Kerrick] that his employment with the Town was terminated." (Ex. A, ¶ 16; Compl. ¶ 27).

7.      In support of this allegation in the Petition, Plaintiff attached a letter sent by Eddinger to Plaintiff on May 15, 2023 as an exhibit (the "May Letter"). Attached as **Exhibit C** is a true and accurate copy of the exhibit filed by Plaintiff in support of this allegation in the Petition.

8.      On January 24, 2024, Plaintiff's sur-reply to a pending motion to dismiss asserted that Plaintiff's prior counsel sent a letter "to the Town and its Highway Superintendent weeks after the suspension, demanded Kerrick 'be on paid administrative leave pending any disciplinary action.'" Attached as **Exhibit D** is a true and accurate copy of the sur-reply filed by Plaintiff. Attached as **Exhibit E** is a true and accurate copy of the referenced letter by Plaintiff's prior counsel.

9.      On July 8, 2024, Plaintiff filed an application for leave to serve a late notice of claim in the Article 78 proceeding.

2

10.    On September 3, 2024, Plaintiff filed a cross-motion seeking leave to amend the Petition and convert it into a hybrid Article 78 petition/complaint.

11.    On September 5, 2025, Supreme Court Justice Craig J. Doran issued a bench decision denying Plaintiff's application to file a late notice of claim. This decision was entered as an order April 1, 2025. Attached as **Exhibit F** is a true and accurate copy of the Order.

12.    On October 28, 2025, Supreme Court Justice William K. Taylor issued a decision denying the pending motion for leave to amend the Petition. Attached as **Exhibit G** is a true and accurate copy of the Decision and Order.

DATED: March 23, 2026
          Rochester, New York

*/s/ Ryan Lefkowitz*

Ryan Lefkowitz, Esq.

3