# Exhibit A

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Pamela Keefe, Acting County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **PETITION**

Receipt Number: 700711

| **Plaintiff** |
|---|
| KERRICK, CLAIR |

| **Defendant** |
|---|
| GORHAM TOWN |

| **Fees** |
|---|

| Total Fees Paid: | $0.00 |
|---|---|

| Control #: | 202309180130 |
|---|---|
| Index #: | 137063-2023 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **7**.

*Pamela Keefe*

**Acting Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

CLAIR "BUBBY" KERRICK,                              :
                                                    :
                Petitioner,                         :    **VERIFIED ARTICLE 78 PETITION**
                                                    :
for a Judgement Pursuant to Article 78              :      Index No. _____
of the Civil Practice Law and Rules,                :
                                                    :
        -against-                                   :
                                                    :
TOWN OF GORHAM                                      :
                                                    :
                Respondent.                         :
                                                    :
_____            :

        Petitioner Clair "Bubby" Kerrick ("Petitioner"), by and through his counsel, Gregory L.

Silverman, Esq., P.C., respectfully alleges as follows against Respondent Town of Gorham:

### Preliminary Statement

1.      This is a proceeding brought pursuant to Article 78 of the Civil Practice Law and

Rules seeking, among other things, a judgment fully reinstating Petitioner to his former

employment, along with full backpay. The Town failed to provide Petitioner his due process

rights under Civil Service Law § 75 before it suspended and terminated him.

### Parties

2.      Petitioner Clair Kerrick, aka Bubby Kerrick, resides in Stanley, NY.

3.      Respondent Town of Gorham is a municipality organized under the laws of the

State of New York located in this County.

### Factual Background

4.      Petitioner began full time employment with the Town as a motor equipment

operator (MEO) more than two decades ago in 1999.

1

5. Before his termination from the Town on May 15, 2023, Petitioner had continuously worked full time for the Town as a MEO for more than five years.

6. Upon information and belief, the Town's Highway Superintendent Zachary Eddinger was stopped by law enforcement on suspicion of driving while under the influence, and subsequently lost his driver's license on or around January 1, 2023.

7. On or around March 2023, Petitioner informed Town Deputy Highway Superintendent Doug Gruschow and Ontario County Sheriff Brian Lazarus that Petitioner had seen Mr. Eddinger driving his Town truck after his licensed was suspended.

8. Mr. Gruschow responded, in words or substance, that the matter was out of his control.

9. Mr. Lazarus responded that he was going to call the Ontario County District Attorney's Office about the issue.

10. On or around April 5, 2023, Mr. Gruschow asked Petitioner to go to the Town highway barns, call in employees and survey damages occurring at the time to a heavy rainstorm. When Petitioner arrived Town highway employees were already there, but not working, and asked what the employees were doing. Then one of the employees asked, "what are you doing here you fat fucking asshole?" Petitioner then voiced his frustrations at these employees for not working during the storm.

11. Later that evening a sheriff and state trooper showed up at Petitioner's house to request that Petitioner to not bring a fight to work the next day. Petitioner told law enforcement, in words or substance, that there was no actual or threatened physical fight, and he had simply voiced his frustrations to his coworkers under stressful conditions.

2

INDEX #. 137963-2023
RECEIVED NYSCEF: 09/15/2023

12. Days later Town Supervisor Lightfoot informed Petitioner, in words or substance, not to show up to work until further notice.

13. After Petitioner's suspension, the Town, upon information and belief, used Petitioner's accrued leave time to pay him.

14. On or around early May 2023, Mr. Eddinger provided Petitioner the option of resigning in lieu of termination. *See* **Exhibit 1**.

15. Petitioner declined to resign.

16. In a letter dated May 15, 2023, Respondents informed Petitioner that his employment with the Town was terminated. *See* **Exhibit 2**.

17. Before suspending or terminating Petitioner, the Town never provided him with any formal notice or hearing pursuant to Civil Service Law § 75.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE DUE PROCESS UNDER CIVIL SERVICE LAW § 75**
**IN VIOLATION OF CPLR 7803(3)**

18. All paragraphs of this Petition are realleged herein.

19. A special proceeding under Article 78 of the CPLR is available to challenge the actions or inaction of agencies and officers of local government. Under CPLR § 7803, a Court may determine, inter alia, "whether the body or officer failed to perform a duty enjoined upon it by law," and "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion."

20. Petitioner worked for the Town in a labor class position for at least five years with continuous service. *See* Civil Service Law § 42.

21. After serving five years of continuous service in a labor class position, the Town could not remove Petitioner or otherwise subject him "to any disciplinary penalty except for

3

incompetency or misconduct shown after a hearing upon stated charges." *See* Civil Service Law

§§ 75(1)(c).

22.     Civil Service Law § 75(2) states in in relevant part:

A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred….

23.     The Town violated lawful procedure and Petitioner's due process rights when it suspended and terminated him without notice and a hearing.

24.     Specifically, Petitioner had the right to a notice and a hearing, under which the Town had the burden to prove "incompetency or misconduct" severe enough to justify the extreme measure of termination. *See* Civil Service Law § 75(2).

25.     The Town's suspension and termination of Petitioner without affording him due process under Civil Service Law § 75 violated lawful procedure, Petitioner's due process rights, was an error of law, and arbitrary and capricious. *See* CPLR 7803(3).

## Request For Relief

Petitioner Clair "Bubby" Kerrick respectfully requests that this Court enter a judgment:

A.     Reversing, annulling and setting aside the Town's suspension and termination of Petitioner as in violation of lawful procedure, an error of law, and arbitrary and capricious;

B.     Directing and mandating the Town to fully reinstate Petitioner in his former employment with the Town as if he had not been suspended or terminated, along with full backpay and all prior benefits and rights;

C.     Awarding Petitioner costs, disbursements, pre- and post-judgment interest, and reasonable attorney's fees; and

D.     Granting other relief as is just and equitable.

4

Dated: September 15, 2023

**GREGORY L. SILVERMAN, ESQ., P.C.**

By:   <u>s/ Gregory L. Silverman</u>
118 Genesee St.
Geneva, NY 14456
Telephone: (585) 480-6686
greg@silverman-law.com

*Attorney for Petitioner Clair "Bubby" Kerrick*

FILED: ONTARIO COUNTY CLERK 09/15/2023 11:51 AM INDEX NO. 137963-2023

NYSCEF DOC. NO. 1    Case 6:26-cv-06006-MAV    Document 6-2    Filed 03/23/26    Page 7 of 8    RECEIVED NYSCEF: 09/15/2023

5

## VERIFICATION

STATE OF NEW YORK      )
COUNTY OF ONTARIO      )      ss:

**CLAIR KERRICK**, being duly sworn, deposes and says that he has read the foregoing Petition and knows the contents thereof. The same are true to deponent's knowledge except as to matters therein stated to be alleged upon information and belief and that as to such matters deponent believes it to be true.

_____
Clair Kerrick

Sworn to before me this

_13th_ day of September 2023

_____
Notary Public

DONNA M. SPINK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SP4851440
Qualified in Ontario County
Commission Expires January 27, 2026