# Exhibit D

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **SUR-REPLY**

Receipt Number: 722809

| Plaintiff |
| --- |
| KERRICK, CLAIR |

| Defendant |
| --- |
| GORHAM TOWN |

| Fees |
| --- |
| Total Fees Paid:                $0.00 |

| Control #:    202401250085 |
| --- |
| Index #:      137063-2023 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **11**.

_Jean E Chrisman_
_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

1 of 11

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

CLAIR "BUBBY" KERRICK,

               Petitioner,

for a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules,

         -against-

TOWN OF GORHAM

               Respondent.

**PETITIONER'S
SUR-REPLY IN SUPPORT OF HIS
OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS**

Index No. 137063-2023

Petitioner Clair "Bubby" Kerrick, by and through counsel, respectfully submits this Sur-reply in opposition to Respondent Town of Gorham's Motion to Dismiss.

## INTRODUCTION

The Town's arguments for dismissal are all underpinned on the false premise that the Town and its Highway Superintendent are somehow wholly unrelated, distinct entities. They are not. The Town's Highway Superintendent has a role in hiring Town employees who work for its Highway Department. But it is undisputed that the Town itself, not its Highway Department, was Kerrick's employer. The Town paid Kerrick's paychecks. The Town Supervisor and its Highway Superintendent collaborated to suspend and terminate Kerrick in violation of his due process rights under Civil Service Law (CSL) § 75. Importantly, the Town concedes that it will be liable for any backpay awarded under CSL § 77.

From the beginning, the Town Supervisor and the Town Highway Superintendent worked together in an attempt to deny Kerrick his due process rights, and continue to do so. This dispute began in April 2023 when the Town Supervisor (not the Highway Superintendent) "imparted to

1

[Kerrick] about the decision to terminate [his] employment."[1] One month later, on Town of Gorham letterhead, the Town's Highway Superintendent informed Kerrick that because he had not resigned, his employment with the "Town of Gorham has been terminated."[2] Fast forward to this proceeding, the Town now makes arguments for dismissal on behalf of itself, and its Highway Superintendent. Both the Town and its Highway Superintendent should be included in this proceeding.

First, there is no reason to dismiss the Town concerning Kerrick's demand for reinstatement. There is no dispute that the Town was Kerrick's employer, and would continue to be if reinstatement is ordered. The Highway Law also states that a highway superintendent's employment decisions are subject to the approval of the town board.

Second, the Town, again, reasserts that it should be dismissed because Kerrick never filed a notice of claim. But it cites no authority contradicting the well-settled law Kerrick previously provided that a notice of claim is unnecessary when requesting mandamus relief.

Third, the Town argues – on behalf of its Highway Superintendent – that the relation back doctrine cannot apply to timely add its Highway Superintendent as a party. The Town claims that its Highway Superintendent lacks a "unity of interest" with the Town. If the Town and its Highway Superintendent were unique entities with divergent interests, the Town would not be spending its time making arguments for dismissal on the Highway Superintendent's behalf. More dispositively, parties maintain a unity of interest when one is liable for the acts of the other. Here, the Town concedes that it is liable for back pay if Kerrick was denied his due process rights. The relation back doctrine applies so the Town's Highway Superintendent can be timely added as a party.

---

[1] Doc. No. 3.

[2] Doc. No. 4.

2

Fourth, even assuming the Town's Highway Superintendent cannot be timely added as a party, this Court can still order Kerrick's reinstatement with the Town as the only Respondent. A party is only indispensable when they might be adversely affected by the litigation. It cannot be disputed that the Town's Highway Superintendent would suffer no prejudice if absent in this litigation. Kerrick would be reinstated to his employment with the Town, and the Town would be liable for backpay. Even if the relation back doctrine does not apply, this matter can proceed only with the Town as the sole party.

Fifth, Kerrick is entitled to all the backpay from when he was first suspended in early April 2023. The Town argues that Kerrick cannot collect backpay because he demanded his reinstatement less than four months from the time of his unpaid suspension. But Kerrick's former counsel demanded Kerrick's reinstatement weeks after his suspension. Undersigned counsel also demanded the same in late August. There is no statute of limitation issue that might limit the backpay the Town is required to pay under CSL § 77.

## UNDISPUTED FACTS

On this Motion to Dismiss, it undisputed that the Town and its Highway Superintendent worked together to suspend and terminate Kerrick. The Town's Supervisor, not its Highway Superintendent, first suspended Kerrick in early April. Petition ¶¶ 10-12. The Highway Superintendent's letter to Kerrick, on "Town of Gorham, Frederick S. Lightfoote, Supervisor" letterhead, states in part that the Town's "Supervisor advised [Kerrick] to not report to work." Petition ¶ 14 (Exh. 1) (Doc. No. 3). The "Town/Highway Department" offered Kerrick to resign in lieu of termination. *Id.* ("As an alternative termination, the Town/Highway Department proposes that you resign effective May 9, 2023…") (emphasis added).

3

When Kerrick did not resign, the Town's Highway Superintendent, again on Town of Gorham letterhead, informed Kerrick that his "employment with the Town of Gorham has been terminated." Petition ¶ 16 (Exh. 2) (Doc. No. 4) (emphasis added).

## LEGAL ARGUMENT

### I.      The Town is a Necessary Party Who Should Not Be Dismissed.

The Town seeks dismissal on Kerrick's requested relief of reinstatement. It argues that only its Highway Superintendent can hire and fire, and thus it would play no part in Kerrick's potential reinstatement. But the Town's indisputable involvement with Kerrick's termination, along with its necessary role in Kerrick's potential reinstatement, mandates that no part of this action against the Town should be dismissed. The Highway Law also states that a highway superintendent's employment decisions are subject to the approval of the town board.

An action under Article 78 may be asserted against the "body or officer . . . whose action may be affected by a proceeding under this article." CPLR 7802(a). This means the "body or officer who took the challenged action." *Matter of Cruz v. Doar*, 46 Misc 3d 499, 507 (Sup Ct, NY County 2013) (collecting cases). Here, the "body or officer who took the challenged action" indisputably involves *both* the Town and its Highway Superintendent. The Town Supervisor first suspended Kerrick. Petition ¶ 14 (Exh. 1) (Doc. No. 3). Then the Town's Highway Superintendent informed Kerrick that because he had "not notified the Town that" he would resign, his "employment with the Town of Gorham has been terminated." Petition ¶ 16 (Exh. 2) (Doc. No. 4). As both the Town and its Highway Superintendent "took the challenged action" to terminate Kerrick from his employment with the Town, the Town is a proper party to this proceeding. Put plainly, the Town should not be dismissed because its active role in Kerrick's suspension and termination, and its undisputed role as Kerrick's employer.

4

INDEX #: 137963-2023

Contrary to the Town's arguments, the Town, through its Board, plays a necessary role in Kerrick's potential reemployment with the Town. Highway Law § 140(4) states:

> Within the limits of appropriations employ such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow, <u>subject to the approval of the town board</u>, and provide for the supervision of such persons.

(Emphasis added.) The Town also concedes that if Kerrick is ordered reinstated, it will be liable to pay Kerrick backpay upon his reinstatement. *See* Town's Reply at 7-8 (arguing that any backpay awarded should be limited).

The Town's argument that "here, the County [sic] did not take the action of allegedly terminating Kerrick's employment, and the County [sic] has no authority to afford the relief sought (reinstatement)," Reply at 3 (Doc. No. 19), is contradicted by the Town's correspondence to Kerrick as cited above, and the plain language of Highway Law 140(4).

The Town's cited caselaw is similarly disconnected. For example, the Town cites *Montecalvo v. Columbia County*, 274 AD2d 868, 870 (3d Dept 2000) for the proposition that it dismissed an "action against town and district attorney's office where those respondents did not have authority to comply with the Court's order to return Kerrick's vehicle and Kerrick failed to name the town police department as the proper respondent in a timely Article 78 petition." Reply at 3 (Doc. No. 19). That is not what happened. The *Montecalvo* Court actually held that as "no CPLR article 78 proceeding was commenced," the "nonfiling of the papers necessary to institute the action is a nonwaivable, jurisdictional defect." *Id.* Similarly, in *Matter of Baker v Mahon*, the court did not, as the Town reads, dismiss the Petition based on naming the wrong party. 72 AD3d 811, 813 (2d Dept 2010). Ratherit dismissed the Westchester County Dept. of Social Services Commissioner as a party simply because the Dept. of Health's decision upholding the

5

Commissioner's decision (and affirmed by the court) was binding on the County's Dept. of Social Services. *Id.*

Finally, the Town, again, reasserts that it should be dismissed as a party because Kerrick cannot collect backpay if reinstated under CSL § 77 for failure to file a notice of claim. *See* Mot to Dismiss at 3-4 (Doc. No. 14); Reply at 4. But the Town cites no authority contradicting the well-settled law Kerrick previously provided that:

> A notice of claim is not a condition precedent to a special proceeding properly brought pursuant to CPLR article 78, in the nature of mandamus, seeking judicial enforcement of a legal right derived through enactment of positive law.

*Speis v. Penfield Cent. Sch.*, 980 N.Y.S.2d 642 (4th Dept. 2014) (citing cases); Pets.' Mem. of Law at 2-3 (Doc. No. 16).

If reinstated, the Town will be Kerrick's employer and liable for backpay. There is no basis for its dismissal.

## II.    The Town's Highway Superintendent May Be Timely Added as a Party Because the Relation Back Doctrine Applies.

While the Town claims that it and its Highway Superintendent are absolutely separate and distinct legal entities, the Town curiously takes it upon itself to make legal arguments on behalf of its Highway Superintendent. The Town claims that any attempt to add its Highway Superintendent as a party should be dismissed as time-barred because more than four-months have passed since Kerrick's termination, and the relation back doctrine does not apply.

The relation back doctrine:

> permits a plaintiff to amend a complaint and add a new defendant even though, at the time of amendment, the statute of limitations would have expired. To receive its benefits, three conditions must be satisfied: (1) both claims must arise out of the same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits and (3) the new party knew or

6

should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well.

*Sanna v. Rockefeller Center, Inc*., 780 N.Y.S.2d 651, 653 (3d Dept. 2004). The Town argues, on behalf of its Highway Superintendent, that the relation back doctrine does not apply here because the second element, concerning a unity of interest, cannot be met.

Parties are united in interest when:

the interest of the parties in the subject-matter is such that they will stand or fall together and that judgment against one will similarly affect the other. A unity of interest has been found to exist where the defenses available will be identical, which occurs where one is vicariously liable for the acts of the other.

*Id.* (quotations and citations omitted). While the Town argues on behalf of its Highway Superintendent that they lack a unity of interest, the Town concedes that if Kerrick is reinstated, as Kerrick's employer, it will be liable for backpay under CSL § 77. Reply at 7-8. In other words, the Town and its Highway Superintendent "will stand or fall together" and have identical defenses. *See Sanna*, 780 N.Y.S.2d at 653. There is an obvious unity of interest, and the relation back doctrine should apply to the addition of the Highway Superintendent as a party. *See Thomsen v. Suffolk*, 857 N.Y.S.2d 181 (2d Dept. 2008) (holding the trial court erred by not applying the relation back doctrine to the addition of the county itself as a party, after the plaintiffs named the county's police department and sheriff's office as parties); *Matter of Ferry v. Boniface*, 43 A.D.2d 758, (3d Dept. 1973) (the relation back doctrine applied because since "the decision of the State Commissioner is binding on the local board, a determination of this court in a proceeding to review the State Commissioner's decision affects both similarly.").

7

**III.     Even If the Town's Highway Superintendent Cannot Be Timely Added, This Action Can Proceed Without Him.**

Even if the relation back doctrine did not apply, the Town's Highway Superintendent is not a necessary party. CPLR 1001(a) states that an individual or entity is a necessary party to litigation "if complete relief is to be accorded between the persons who are parties to the action" or if the entity "might be inequitably affected by a judgment in the action." "The overall statutory design is intended to (1) guarantee that absent parties at risk of prejudice will not be embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard and (2) protect against multiple lawsuits and inconsistent judgments." *Swezey v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 19 N.Y.3d 543, 550 (N.Y. 2012). A "determination as to whether parties are so indispensable that in their absence a matter should not proceed is limited to those cases where the determination will adversely affect the rights of nonparties." *Llana v. Town of Pittstown*, 667 N.Y.S.2d 112, 113 (3d Dept. 1997).

The Town, not its Highway Superintendent, was Kerrick's employer. If ordered reinstated, Kerrick would return to work as the Town's employee. The Town also concedes it would be liable for backpay owed under CSL § 77. While the Town's Highway Superintendent might have some discretion in hiring employees, such employment is "subject to the approval of the town board." Highway Law § 140(4). The Town's initial letter to Kerrick even notes that the Town Supervisor (not the Highway Superintendent) told Kerrick that "the Town Board and in particular the Highway Superintendent are in favor of termination." *See* Petition ¶ 14 (Exh. 1) (Doc. No. 3). Even if the Highway Superintendent had sole authority to hire Kerrick, it remains that Kerrick would be a Town employee.

If the Town's Highway Superintendent is not added as a party, he would suffer no prejudice from his absence. Kerrick would be reinstated to his employment with the Town, and

8

the Town, not its Highway Superintendent, would be liable for backpay. This matter can proceed only with the Town as the sole party.

Finally, if it is determined that the Highway Superintendent, and it remains unclear whether the Town and its Highway Superintendent maintain a unity of interest for purposes of the relation back doctrine, Kerrick respectively requests a limited period of discovery on this issue.

### IV. There Are No Statute of Limitation Issues Because Kerrick Demanded His Reinstatement Weeks After His Suspension.

The Town argues that it cannot be held responsible for backpay before May 15, 2023 because Kerrick only made his demand for reinstatement on September 15 with the filing of this Petition. This argument should be rejected because before Kerrick filed this action in September, he demanded his reinstatement within weeks of his suspension in April, and later in August.

The Town Supervisor first suspended Kerrick in early April 2023. Petition ¶¶ 10-12. Weeks later, on April 26, Kerrick's former counsel demanded his paid reinstatement in a letter provided to both the Town and its Highway Superintendent. *See* Affidavit of Gerald Forcier, Esq. dated January 23, 2024, **Exh. 3**. Months later, on August 23, 2023, undersigned counsel provided the Town Supervisor and its Highway Superintendent a second demand for reinstatement in the form of a settlement demand. *See* Affidavit of Jennifer Kuntz, dated January 24, 2024, **Exh. 4**.

Even assuming, as the Town contends, that Kerrick only had four months to demand his reinstatement, he did so. Attorney Forcier's letter, sent to the Town and its Highway Superintendent weeks after the suspension, demanded Kerrick "be on paid administrative leave pending any disciplinary action." Undersigned counsel's August 23 letter demanded "Reinstatement of Mr. Kerrick's former employment with the Town."

9

There are no statute of limitations issues concerning Kerrick's demand for reinstatement.

If he is ordered reinstated for the Town's failure to follow the due process requirements of CSL §

75, he should recovery backpay under § 77 from the date he was suspended in early April 2023.

## CONCLUSION

For the reasons stated above, the Town's arguments for dismissal should be rejected.

Dated: January 24, 2024                    **GREGORY L. SILVERMAN, PLLC**

                    By:    s/ Gregory L. Silverman
                           118 Genesee St.
                           Geneva, NY 14456
                           Telephone: (585) 480-6686
                           greg@silverman-law.com
                           *Attorney for Kerrick Clair "Bubby" Kerrick*

10