# Exhibit F

# Ontario County Clerk Recording Page

**Return To**

ERIN TUBBS
99 Exchange blvd
Rochester, NY 14614

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **ORDER - OTHER**

Receipt Number: 800243

| Plaintiff |
|---|
| KERRICK, CLAIR |

| Defendant |
|---|
| GORHAM TOWN |

| Fees |
|---|
| |

Total Fees Paid:           $0.00

| Control #:    202504010167 |
|---|
| Index #:      137063-2023 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of
**12**.

_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

1 of 12

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

CLAIR "BUBBY" KERRICK,

Petitioner,

For a Judgement Pursuant to Article 78
Of the Civil Practice Law and Rules,

-against-

TOWN OF GORHAM,

Respondent.

**ORDER ON ARTICLE 78
PETITION, MOTION FOR
LEAVE TO FILE NOTICE
OF CLAIM, AND
MOTIONS FOR
SANCTIONS**

Index No. 137063-2023

**WHEREAS**, petitioner Clair "Bubby" Kerrick ("Petitioner") having petitioned this Court, under Article 78 of the CPLR, for, among other things, an order fully reinstating Petitioner's employment with the Town of Gorham (the "Town"), together with backpay and all rights and benefits (Motion #01).

**WHEREAS**, in support of his petition, Petitioner submitted a Notice of Petition, dated September 15, 2023 (NYSCEF Doc. No. 2), and a Verified Article 78 Petition, duly verified by Petitioner on September 13, 2023, with Exhibits 1 through 2 (NYSCEF Doc. Nos. 1, 3, and 4).

**WHEREAS**, Petitioner submitted an Amended Notice of Petition, dated September 20, 2023 (NYSCEF Doc. No. 7).

**WHEREAS**, the Court entered a Decision and Order on February 16, 2024, granting Petitioner's application to add Zachary Eddinger, Highway Superintendent for the Town of Gorham ("Eddinger"), as a party (NYSCEF Doc. No. 25).

**WHEREAS**, in opposition to Petitioner's petition, the Town and Eddinger submitted Respondent's Verified Answer to Petition, duly verified on March 22, 2024 (NYSCEF Doc.

No. 28), the Attorney Affirmation in Support of Response to Petition of Stacey E. Trien, Esq., dated June 14, 2024, with Exhibits A through F (NYSCEF Doc. Nos. 34-40), the Affidavit of Zachary Eddinger, dated June 13, 2024, with Exhibits A through B (NYSCEF Doc. Nos. 41-43), and the Affidavit of Frederick Lightfoote, dated June 11, 2024, with Exhibits A through B (NYSCEF Doc. Nos. 44-46).

WHEREAS, in further support of his petition, Petitioner submitted the Attorney Affirmation of Gregory L. Silverman, Esq., dated July 8, 2024, with Exhibit 1 (NYSCEF Doc. Nos. 62-63).

WHEREAS, in further opposition to Petitioner's petition and in further support of the Answer to the petition, the Town and Eddinger submitted a Supplemental Attorney Affirmation of Stacey E. Trien, Esq., dated August 29, 2024, with Exhibits 1 through 3 (NYSCEF Doc. Nos. 71-74).

WHEREAS, the Town and Eddinger moved this Court for an order granting sanctions against Petitioner and his counsel Attorney Gregory Silverman, pursuant to 22 NYCRR § 130-1.1 and awarding reimbursement of attorney's fees, costs, and disbursements incurred in connection with answering the petition and the motion for sanctions (Motion #03).

WHEREAS, in support of their motion, the Town and Eddinger submitted a Notice of Motion, dated July 2, 2024 (NYSCEF Doc. No. 48), and the Attorney Affirmation in Support of Motion for Sanctions of Stacey E. Trien, Esq., dated July 2, 2024, with Exhibits 1 through 7 (NYSCEF Doc. Nos. 49-56).

WHEREAS, the Town and Eddinger submitted an Amended Notice of Motion, dated July 10, 2024 (NYSCEF Doc. No. 65).

WHEREAS, Petitioner cross moved for an order seeking sanctions against the Town

2

and Eddinger pursuant to 22 NYCRR § 130-1.1 in the form of Petitioner's reasonable attorney's fees incurred in opposing the Town and Eddinger's motion for sanctions (Motion #05).

**WHEREAS**, in opposition to the Town's and Eddinger's motion for sanctions and in support of Petitioner's cross motion for sanctions, Petitioner submitted the Notice of Cross-Motion for Sanctions, dated August 29, 2024 (NYSCEF Doc. No. 75), and the Attorney Affirmation of Gregory L. Silverman, Esq., dated August 29, 2024, with Exhibit 1 (NYSCEF Doc. Nos. 77-78).

**WHEREAS**, the Court filed an Amended Notice of Cross-Motion for Sanctions on September 3, 2024 (NYSCEF Doc. No. 87).

**WHEREAS**, in opposition to the cross motion for sanctions, and in further support of the Town's and Eddinger's motion for sanctions, the Town and Eddinger submitted the Attorney Affirmation in Response to Petitioner's Cross Motion for Sanctions and Reply in Support of Respondent's Motion for Sanctions of Stacey E. Trien, Esq., dated September 4, 2024 (NYSCEF Doc. No. 88).

**WHEREAS**, Petitioner moved for an order granting leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5) (Motion #04).

**WHEREAS**, in support of his motion, Petitioner submitted a Notice of Motion, dated July 8, 2024 (NYSCEF Doc. No. 58), and proposed Notice of Claim (NYSCEF Doc. No. 60).

**WHEREAS**, in opposition to the motion, the Town and Eddinger submitted the Attorney Affirmation in Support of Response to Petitioner's Motion for Leave to Serve a Late Notice of Claim of Stacey E. Trien, Esq., dated August 29, 2024, with Exhibits A through D

3

(NYSCEF Doc. Nos. 80-84).

**WHEREAS**, on August 30, 2024, the parties jointly submitted a letter setting forth the parties' agreement that some of the issues in the original petition were moot (NYSCEF Doc. No. 86).

**NOW** upon reading the papers submitted and the Court having heard oral argument on September 5, 2024, Gregory L. Silverman, Esq. appearing on behalf of Petitioner, and Stacey E. Trien, Esq. appearing on behalf of the Town and Eddinger, due deliberation having been had thereon, and the Court having issued a bench decision on that date, a copy of the transcript of which is attached as **Exhibit A** and incorporated herein by reference, it is hereby

**ORDERED** that Petitioner's petition (Motion #01) is hereby **DENIED** in its entirety; and it is further

**ORDERED** that Petitioner's motion for leave to serve a late notice of claim (Motion #04) is hereby **DENIED** in its entirety; and it is further

**ORDERED** that the Town and Eddinger's motion for sanctions against Petitioner and Petitioner's counsel (Motion #03) is hereby **DENIED**; and it is further

**ORDERED** that Petitioner's cross motion for sanctions against the Town and Eddinger (Motion #05) is hereby **DENIED**; and it is further

**ORDERED** that Petitioner is hereby **GRANTED** attorneys' fees and costs and Petitioner's counsel is directed to submit an affirmation itemizing the amounts and time within which such amounts were accrued, on notice to the Town so that the Town can respond to same, to be submitted at a time as directed by the Court.

DATED:    March 31, 2025
          Canandaigua, New York

_____
Hon. William K. Taylor, J.S.C.

4

# Exhibit A

FILED: ONTARIO COUNTY CLERK 04/01/2025 04:22 PM INDEX NO. 137063-2023
NYSCEF DOC. NO. 120 RECEIVED NYSCEF: 04/01/2025

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ONTARIO

------------------------------------------------X

CLAIR "BUBBY" KERRICK,                           : Index No(s).

                         Petitioner,             : 137063-2023

                   -vs-                           :

TOWN OF GORHAM and ZACHARY EDDINGER,             :

                         Respondents.            : Article 78

------------------------------------------------X

Ontario County Courthouse
Canandaigua, New York
September 5, 2024

BEFORE:                  HON. CRAIG J. DORAN
                         Supreme Court Justice

APPEARANCES:    GREGORY L. SILVERMAN, ESQ., PLLC
                118 Genesee Street
                Geneva, New York 14456
                BY:  Gregory L. Silverman, Esq.
                Attorney for Petitioner

                ADAMS LECLAIR
                1200 Bausch & Lomb Place
                Rochester, New York 14604
                BY:  Stacey E. Trien, Esq.
                Attorney for Respondent

Kathy A. Smith, NYACR
Official Court Reporter
(585) 412-5273

FILED: ONTARIO COUNTY CLERK 04/01/2025 04:22 PM

NYSCEF DOC. NO. 120

INDEX #: 137963-2023

RECEIVED NYSCEF: 04/01/2025

Case 6:26-cv-06006-MAV     Document 6-7     Filed 03/23/26     Page 9 of 13

2

*KERRICK v. TOWN OF GORHAM*

THE COURT:  So, for the record, Katie, before the Court today is the -- which has been adjourned multiple times -- return date on an Article 78 petition filed by Mr. Kerrick against the Town of Gorham relating to his employment with the Town of Gorham.  We've had several conferences on the matter, and there have been several steps taken since the matter was commenced, first in front of another judge and now in front of me.  And the Court has obtained the agreement of counsel in a letter dated August 30th that some of the issues in the original petition are now moot because the Town has since taken action to remedy what is arguably -- and this is without prejudice to any determination on the law -- was arguably the inappropriate termination of the petitioner.  There was a hearing held on April 26th and May 1st with a final determination made terminating the petitioner.

We did have argument -- I won't call it argument.  We had a conversation off the record with consent of counsel and parties present in the virtual Teams link discussing the issues.  And the Court is now prepared to issue its decision.

With regard to the remaining item or items in the Article 78 petition, it is the determination of the Court that the remaining -- the remaining application should be denied as it is now moot.  With regard to the

FILED: ONTARIO COUNTY CLERK 04/01/2025 04:22 PM

NYSCEF DOC. NO. 120

INDEX NO. 137963-2023

RECEIVED NYSCEF: 04/01/2025

Case 6:26-cv-06006-MAV    Document 6-7    Filed 03/23/26    Page 10 of 13

claim for damages that would be what is alleged to constitute the back pay owed to the gentleman from the time of his original termination to the time that the Town took appropriate action under Civil Service law to terminate him, providing him with due process, it's the Court's determination that that should be denied as well. And I deny that on the basis of the precedent that the Court has reviewed, and I would just cite in support of that determination the -- give me a moment, please. And the Third Department case of *Smith v. New York State Department of Labor*, 306 Appellate Division Second 745. That's a 2003 Appellate Division case. I would also cite the case *Schwab v. Bowen*, 41 New York Second 907. Regarding the mootness of the underlying issues and the degree to which the damages components is incidental to the primary relief in circumstances such as this when the primary relief has now become moot.

Related to all of that is also the application to file a late notice of claim. It's the Court's determination that the four-month statute of limitations which applies to the underlying Article 78 including the -- that's the origination of the application for the damages sought here. That statute of limitation has since expired, even giving it a liberal interpretation as suggested by the petitioner's counsel in his papers that

Case 6:26-cv-06006-MAV     Document 6-7     Filed 03/23/26     Page 11 of 13

4

*KERRICK v. TOWN OF GORHAM*

the time did not begin to accrue until the Town made its motion to dismiss on the original Article 78. Even using that interpretation, the four-month statute of limitations has expired. The statute is clear that an application to extend the filing time which will allow late filing notice of claim cannot be granted where the underlying claim is the subject of a statute of limitations that has already expired at the time the application is made, and that is the case here. And the Court does wish to note that it recognizes the harshness of this result to the petitioner. The Court does recognize the issue with the equities here, and the Court acknowledges that perhaps a pure equities analysis here would render a different result, but the statutory analysis, along with the controlling cases, dictate the result that the Court has articulated herein.

So the Article 78 petition for the reasons mentioned is denied in its entirety, and the application to file a late notice of claim is denied in its entirety. I will grant the petitioner's application for fees and costs and I will ask Mr. Silverman to submit an affirmation itemized with the amounts and time within which or upon which the amounts were accrued on notice to Ms. Trien so she can respond.

And the Court also denies all other

FILED: ONTARIO COUNTY CLERK 04/01/2025 04:22 PM
NYSCEF DOC. NO. 120
INDEX NO. 137963-2023
RECEIVED NYSCEF: 04/01/2025

applications before it today including but not limited to the applications for sanctions. I believe there were applications both ways for sanctions, et cetera.

I hope that that disposes of all of the issues before the Court today and I'm going to ask Ms. Trien to submit an order reflecting the Court's determination on the merits of the applications with a note in the order that a subsequent order will be forthcoming once a determination on the fees is made.

Anything anybody wants to put on the record?

MR. SILVERMAN: Simply that we disagree with your Honor's order, but that's it. Thank you.

THE COURT: Thank you, Mr. Silverman.

Ms. Trien?

MS. TRIEN: No, thank you.

THE COURT: Okay. How about Ms. Maddox; anything you want to put on the record? Oh, you probably can't because you're not a New York lawyer yet. Once you pass that background check, everything will be fine. Okay. I think that concludes our business for today. Am I correct?

MS. TRIEN: Yes, Judge.

MR. SILVERMAN: I believe so.

THE COURT: Thank you all very much for indulging me with my questions, and the conversation. I

FILED: ONTARIO COUNTY CLERK 04/01/2025 04:22 PM

NYSCEF DOC. NO. 120

INDEX NO. 137963-2023

RECEIVED NYSCEF: 04/01/2025

*KERRICK v. TOWN OF GORHAM*

6

appreciate you all very much.  Have a good day.

        MR. SILVERMAN:  Same here.  Thank you, your Honor.

(The proceedings were concluded.)

Certified to be a true and accurate transcript.

*Kathy A. Smith*

Kathy A. Smith, NYACR

Official Court Reporter