# Exhibit G



# Ontario County Clerk Recording Page

**Return To**

ERIN TUBBS
99 Exchange blvd
Rochester, NY 14614

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **DECISION + ORDER ON MOTION**

Receipt Number: 832928

| Plaintiff |
| --- |
| KERRICK, CLAIR |

| Defendant |
| --- |
| GORHAM TOWN |

| Fees |
| --- |

| | |
| --- | --- |
| Total Fees Paid: | $0.00 |

| | |
| --- | --- |
| Control #: | 202510280124 |
| Index #: | 137063-2023 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **7**.

*Jean E Chrisman*

_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONTARIO

_____

CLAIR "BUBBY" KERRICK,

                          Petitioner,

vs.

                                                    **DECISION & ORDER**
                                                    Index #137063-2023

TOWN OF GORHAM,

                          Respondent.

_____

**Appearances:**
Gregory Silverman, Esq. for Petitioner
Stacey Trien, Esq. for Respondent

_____

Taylor, J.,


     On May 15, 2023 Petitioner Clair Kerrick ("Petitioner") was terminated without notice and a hearing from his job as a motor equipment operator for the Town of Gorham ("Respondent" or "the Town") after a suspension beginning on April 10, 2023.  Petitioner commenced this CPLR Article 78 proceeding ("the Petition") against Respondent on September 15, 2023 seeking reversal of his suspension and termination, and full reinstatement with back pay.  Following the filing of the Petition and while it was still pending, Respondent issued disciplinary charges on March 22, 2024 and, after a hearing, terminated Petitioner's employment on July 15, 2024.  On August 20, 2024 Respondent advised Petitioner that he was not entitled to an award for back pay based on his other income during the relevant period.

     Thereafter, on September 5, 2024, Supreme Court Justice Craig J. Doran issued a Bench Decision dismissing the Petition as moot, denying Petitioner's motion for leave to file a late notice of claim, and granting Petitioner an award of fees and costs.  Justice Doran retired, and on April 1, 2025 this Court issued an Order

1

consistent with his Bench Decision.  Currently before the Court are the following: (1) Petitioner's motion to convert the Petition to a hybrid Article 78 proceeding and file a first amended petition-complaint[1], NYSCEF Doc. No. 112; (2) Respondent's motion to reargue the award of fees and costs to Petitioner, NYSCEF Doc. No. 123; and (3) Petitioner's motion to reargue the dismissal of the Petition, NYSCEF Doc No. 133.

## I.    Petitioner's Motions

### A.    Motion to Convert and Amend

Petitioner seeks leave to convert the dismissed Petition to a "hybrid Article 78 proceeding" under CPLR 103(c) and has submitted a proposed first amended complaint asserting additional claims under federal law and a claim for state whistleblower retaliation. NYSCEF Doc. No. 112.  Respondent asserts in response, among other things, that there is no legal authority to allow Petitioner to convert or amend a pleading that has been dismissed on the merits and, in any event, the claims are barred as untimely or for failure to pursue administrative remedies.  NYSCEF Doc. No. 144.

The Court agrees with Respondent that it is unable to grant a motion to convert or amend a petition that had already been dismissed at the time of the motion's filing.  Therefore, Petitioner's motion to file a first amended petition-complaint, NYSCEF Doc. No. 112, must be denied because it was filed after the Petition was dismissed by Justice Doran in his Bench Decision.[2] None of Petitioner's arguments - judicial economy, the avoidance of

---

[1]This motion was filed after Justice Doran issued the Bench Decision dismissing the Petition but before the undersigned entered the Order on Bench Decision.

[2]Where there is "no proceeding actually before the motion court," or concurrent request "to renew the earlier order dismissing the petition," it is proper to deny a request for relief filed after the dismissal. <u>Siegel v Eisner</u>, 211 AD3d 444, 445 (1st Dept 2022) (affirming the denial of an order to show cause where the petition had been dismissed and the movant "did not commence a new action or proceeding" or "seek to renew the earlier order dismissing the petition" in her order to show cause).  Notably, Justice Doran's dismissal was not with leave to amend.  <u>See</u> <u>Favourite Ltd. v Cico</u>, 42 NY3d 250, 269 n 8 (2024).

separate lawsuits, elimination of technicalities, severance of claims, etc. - squarely address the prior dismissal of the original Petition. Even assuming that Petitioner's motion to convert and amend survives as a result of his subsequently-filed motion for reargument, that motion is denied for the reasons discussed below.

### B. Motion to Reargue

Petitioner contends that reargument should be granted because Justice Doran erroneously: (1) dismissed the Petition as moot and (2) denied his motion to file a late notice of claim to add new claims for money damages to the Petition. He argues specifically that the request in the Petition for full reinstatement with back pay from the time of his 2023 removal was not rendered moot by his termination proceedings in 2024. He further argues that his request for mandamus relief is not subject to notice of claim requirements, and even if it was, the motion to file a late notice of claim was timely.

Respondent counters that the Petition was properly denied as moot because as a result of Petitioner's 2024 termination proceedings: (1) Petitioner was no longer entitled to reinstatement and (2) the Town reviewed his income records and found that he was not entitled to back pay, a determination that he did not appeal. With respect to the late notice of claim motion, Respondent asserts that Justice Doran correctly held that the new causes of action were untimely for purposes of the instant Article 78 proceeding, thereby precluding leave to file a late notice of claim.

CPLR 2221 provides that a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." CPLR 2221. Thus, on a motion for leave to reargue the question is whether the court misapplied the law or facts in the prior determination and rendered an incorrect decision.

Upon due consideration of the parties' submissions in support

of and opposition to Petitioner's motion, the Court finds no basis to grant reargument.  Petitioner has not pointed to any matters of fact or law overlooked or misapprehended by Justice Doran in finding that the Petition was moot or that the late notice of claim was time barred.

As correctly pointed out by Respondent, Justice Doran found that Petitioner was provided with the primary relief sought in the Petition at the time of his 2024 termination proceedings. Petitioner's argument that Justice Doran overlooked the Petition's request for back pay, see NYSCEF Doc. No. 1 at 5, presents no factual matter or point of law in support of his position.  Simply put, Justice Doran dismissed as moot the entire Petition, which asserted one cause of action for failure to provide due process under Civil Service Law § 75 upon Petitioner's termination without notice on May 15, 2023.  Moreover, as noted by Respondent, because Petitioner was afforded the due process sought in his Petition in 2024, his request for back pay does not obviate the mootness finding.  3 Delaware Grp. LLC v Broome Cnty., 174 AD3d 1210, 1212 (3rd Dept 2019) ("[I]nasmuch as petitioners are not entitled to the main relief they seek, the damages they request are no longer incidental to a primary request for relief and are, therefore, not recoverable in this proceeding.")(internal quotation marks omitted).

Turning to Petitioner's request to reargue the denial of his motion seeking leave to file a late notice of claim, Justice Doran determined that the statute of limitations applicable to the new claims had already expired.  See September 5, 2024 Bench Decision transcript, at p. 3.  The statute of limitations under CPLR 217 for the commencement of an Article 78 proceeding is four months. Solnick v Whalen, 49 NY2d 224, 233 (1980).  Under General Municipal Law § 50-e, the Court may not grant an application for leave to serve a notice of claim that "exceed[s] the time limited for the commencement of an action by the claimant against the public

4

corporation." N.Y. Gen. Mun. Law § 50-e(5).

The Petition here was filed on September 15, 2023 and it arises from the alleged deprivation of due process on May 15, 2023. Petitioner did not move for leave to file a late notice of claim, "to recover money damages and other relief," until July 8, 2024, more than a year later and well beyond the expiration of the four-month statute of limitations.[3,4] This Court again finds that Petitioner has presented no basis to grant reargument, and the motion is therefore denied in its entirety.

## II. Respondent's Motion to Reargue

Respondent's motion to reargue challenges only the award of fees and cost to Petitioner, asserting that: (1) there is no statutory basis to award attorney's fees in this case and (2) Petitioner cannot receive costs because he is not the prevailing party.

The Court agrees. "In New York the general rule is that each litigant is required to absorb the cost of his own attorney's fees and a defendant may not be required to pay plaintiff's attorney's fees in the absence of a contractual or statutory liability." Boltz v Town of Portland, 262 AD2d 1075, 1075 (4th Dept 1999)(internal quotation marks omitted)(finding that "Supreme Court erred in awarding attorney's fees to petitioner upon dismissal of this CPLR article 78 proceeding."). Further, "[a]lthough costs may be awarded in a CPLR article 78 proceeding," "only a 'party in whose favor a judgment is entered is entitled to costs.'" Id. (quoting CPLR 8101) (emphasis added). Because Petitioner did not receive a judgment in his favor, he is not entitled to costs.

---

[3]Justice Doran noted in his Bench Decision that the late notice of claim was time-barred even using the latest date suggested by Petitioner – when Respondent moved to dismiss the Petition on December 1, 2023.

[4]To the extent that Petitioner argues that one or more of his claims are not subject to notice of claim requirements, despite having moved for leave to file a late notice of claim, he still fails to present the error in Justice Doran's statute of limitations ruling.

5

Respondent's motion to reargue is therefore granted and Petitioner's application for fees and costs is denied.

Accordingly, it is hereby

ORDERED that the following motions are DENIED in their entirety: (1) Petitioner's motion to convert and amend the Petition and (2) Petitioner's motion to reargue the dismissal of the Petition and denial of his motion to file a late notice of claim; and it is further

ORDERED that Respondent's motion to reargue is GRANTED; and it is further

ORDERED that Petitioner's application for an award of attorneys fees and costs is DENIED.

This constitutes the Decision and Order of the Court. Any prayers for relief not specifically addressed herein are DENIED without prejudice.

Honorable William K. Taylor
Supreme Court Justice
Dated: October 28, 2025

6