UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLAIR "BUBBY" KERRICK,

Plaintiff,

6:26-CV-06006 (MAV)

v.

TOWN OF GORHAM,
ZACHARY EDDINGER,
FREDERICK LIGHTFOOTE, and
BRANDON AYERS

Defendants.

---

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

**ADAMS LECLAIR LLP**

Robert P. Yawman, Esq.
Ryan Lefkowitz, Esq.
*Attorneys for Defendants*
1200 Bausch and Lomb Place
Rochester, New York 14604
Tel.:   585-327-4100
Fax.:   585-327-4200
E-mail: ryawman@adamsleclair.law
E-mail: rlefkowitz@adamsleclair.law

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................... 1

ALLEGATIONS IN THE COMPLAINT ...................................................................... 2

    I.    Plaintiff's Employment and Alleged Disclosures ........................................... 2

    II.    Events Preceding the May 15, 2023 Letter ..................................................... 2

    III.    Post-Termination Proceedings and Notice of Claim ..................................... 3

PROCEDURAL HISTORY ............................................................................................ 3

ARGUMENT ................................................................................................................... 4

    I.    Legal Standard for Motion to Dismiss ............................................................ 4

    II.    Plaintiff's 42 U.S.C. § 1983 Due Process Claim (Count Two) Should be Dismissed .......................................................................................................... 5

        A.    It Is Uncontested That Plaintiff Was Provided with Adequate Post-Deprivation Process ........................................................................... 6

        B.    Plaintiff's Claim Is Barred Because Only Post-Deprivation Process Was Required ...................................................................................... 6

        C.    If Pre-Deprivation Process Were Required, Plaintiff Received Actual Notice and an Opportunity to Respond ............................................. 8

    III.    Plaintiff's State Law Whistleblower Retaliation Claim (Count Three) Should be Dismissed ......................................................................................... 11

        A.    Plaintiff Failed to Serve a Timely Notice of Claim ........................... 11

        B.    Plaintiff's Claim Is Time-Barred ...................................................... 13

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................. 4

*Attallah v. New York College of Osteopathic Med.,*
643 Fed. Appx. 7 (2d Cir. 2016) ............................................................................. 6

*Baker v. Latham Sparrowbush Assocs.,*
72 F.3d 246 (2d Cir. 1995) ...................................................................................... 9

*Baltas v. Maiga,*
119 F.4th 255 (2d Cir. 2024) ................................................................................... 5

*Bass v. Pershing,*
2025 U.S. Dist. LEXIS 232134 (S.D.N.Y. Nov. 25, 2025) ..................................... 5

*Cleveland Bd. of Educ. v. Loudermill,*
470 U.S. 532 (1985) .................................................................................................. 8

*Donas v. City of New York,*
62 A.D.3d 504 (N.Y. App. Div. 2009) ..................................................................... 13

*Dykstra v. Wyeth Pharms., Inc.,*
454 Fed. Appx. 20 (2d Cir. 2012) ...................................................................... 12, 13

*Ellul v. Congregation of Christian Bros.,*
774 F.3d 791 (2d Cir. 2014) .................................................................................... 13

*Gibson v. Comm'r of Mental Health,*
2006 U.S. Dist. LEXIS 27428 (N.D.N.Y. Apr. 17, 2024) ..................................... 12

*Hardy v. N.Y.C. Health & Hosp. Corp.,*
164 F.3d 789 (2d Cir. 1999) .................................................................................... 11

*Harris v. Mills,*
572 F.3d 66 (2d Cir. 2009) ....................................................................................... 4

*Hellenic Am. Neighborhood Action Comm. v. City of New York,*
101 F.3d 877 (2d Cir. 1996) ..................................................................................6, 7

*Henry v. City of New York,*
638 Fed. Appx. 113 (2d Cir. 2016) ....................................................................6, 7, 8

*Holmes v. Gaynor,*
313 F. Supp. 2d 345 (S.D.N.Y. 2004) ..................................................................... 9

*Hulburt Health Consulting v. Otis Elevator Co.*,
2026 U.S. Dist. LEXIS 785 (W.D.N.Y. Jan. 5, 2026) ...................................................... 4

*In re Merrill Lynch & Co.*, Inc.,
273 F. Supp. 2d 351 (S.D.N.Y. 2003) ........................................................................... 5

*J.S. v. T'Kach*,
714 F.3d 99 (2d Cir. 2013) ........................................................................................... 5

*Locurto v. Safir*,
264 F.3d 154 (2d Cir. 2001) .....................................................................................9, 10

*Matter of Hardy v. Kraham*,
224 A.D.3d 946 (N.Y. App. Div. 2024) ...................................................................... 11

*McDarby v. Dinkins*,
907 F.2d 1334 (2d Cir.1990) ...................................................................................... 10

*Morton v. Cty. of Erie*,
335 F. Supp. 3d 449 (W.D.N.Y. 2018) ......................................................................... 9

*Naples v. Stefanelli*,
972 F. Supp. 2d 373 (E.D.N.Y. 2013) ........................................................................ 12

*Peters v. Stamps*,
2024 U.S. Dist. LEXIS 44730 (W.D.N.Y. Mar. 13, 2024).............................................. 6

*Queensborough Community College of City University of New York v. State Human Rights Appeal Board*,
41 N.Y.2d 926 (1977) ................................................................................................. 13

*Reed v. Medford Fire Dep't, Inc.*,
806 F. Supp. 2d 594 (E.D.N.Y. 2011) .......................................................................... 9

*Rivera-Powell v. N.Y. City Bd. Of Elections*,
470 F.3d 458 (2d Cir. 2006) ....................................................................................... 10

*Thomas v. City of Oneonta*,
90 A.D.3d 1135 (N.Y. App. Div. 2011).................................................................12, 14

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010) ...................................................................................................... 9

*Warner v. Vill. of Goshen Police Dep't*,
256 F. Supp. 2d 171 (S.D.N.Y. 2003)......................................................................... 11

*Weston Funding Corp. v. Lafayette Towers, Inc.*,
410 F. Supp. 980 (S.D.N.Y. 1976)............................................................................... 4

*Wolfe v. City of Rochester,*
2016 U.S. Dist. LEXIS 139210 (W.D.N.Y. Oct. 6, 2016)....................................................... 8

**Statutes**

42 U.S.C. § 1981 ................................................................................................... 10

42 U.S.C. § 1983 .................................................................................... 1, 5, 8, 10

C.P.L.R. Article 78.................................................................1, 3, 5, 6, 8, 10, 11, 13

N.Y. Civ. Serv. Law § 75 .........................................................................3, 6, 7, 8, 10, 11

N.Y. Civ. Serv. Law § 75-b ...................................................................... 1, 11, 12, 13, 14

N.Y. Gen. Mun. Law § 50-e ...................................................................................2, 12

N.Y. Lab. Law § 740 ............................................................................................ 13

N.Y. Town Law § 67.............................................................................................2, 12

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................ 1, 4, 13, 14

Fed. R. Civ. P. 56................................................................................................. 4

Fed. R. Civ. P. 8(c)............................................................................................. 4

Defendants the Town of Gorham (the "Town"), Zachary Eddinger ("Eddinger"), Frederick Lightfoote ("Lightfoote"), and Brandon Ayers ("Ayers"), (collectively, "Defendants"), submit this memorandum in support of their Motion to Dismiss Counts Two and Three of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff Clair Kerrick ("Plaintiff"), a former employee of the Town's Highway Department, alleges that he was improperly terminated after he disclosed information concerning Superintendent Eddinger's alleged driving without a license and the storage of equipment without Town approval. Plaintiff asserts three causes of action: (1) First Amendment retaliation under 42 U.S.C. § 1983 against all Defendants (Count One); (2) deprivation of procedural due process under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, against the Town, Lightfoote, and Eddinger (Count Two); and (3) a state-law whistleblower retaliation claim under Civil Service Law § 75-b against the Town (Count Three).

Counts Two and Three fail as a matter of law. Count Two should be dismissed because Plaintiff was afforded constitutionally sufficient process. As pleaded, Plaintiff challenges—at most—random or unauthorized acts by municipal employees, and his due process claim is therefore barred by the availability of meaningful post-deprivation remedies, including Article 78 review, which Plaintiff pursued. Even if pre-deprivation process were required on these allegations, the Complaint and incorporated documents establish that Plaintiff received actual notice of the impending termination and an opportunity to respond through counsel.

Count Three should also be dismissed. The whistleblower claim is jurisdictionally

1

barred because Plaintiff failed to serve a timely notice of claim within ninety days as required by Town Law § 67 and General Municipal Law § 50-e. On the face of the Complaint, Plaintiff's notice of claim—served on August 22, 2024—was served far outside the statutory deadline. The claim is also time-barred under the applicable two-year limitations period.

**ALLEGATIONS IN THE COMPLAINT**

## I.    Plaintiff's Employment and Alleged Disclosures

Plaintiff alleges that he was employed by the Town as a motor equipment operator beginning in 1999. (Compl. ¶ 11.) Plaintiff alleges that Town Highway Superintendent Zachary Eddinger was stopped by law enforcement on suspicion of driving under the influence, resulting in the suspension of Eddinger's driver's license on or around January 1, 2023. (Compl. ¶ 12.) Plaintiff alleges that he informed Town Deputy Highway Superintendent Doug Gruschow and Town Board Member Brian Lazarus that he observed Eddinger driving a Town vehicle after the suspension. (Compl. ¶ 13.) Plaintiff further alleges that he told Lazarus that Eddinger obtained and stored a miniature excavator at the Highway Department without required Town Board approval. (Compl. ¶ 17.)

## II.    Events Preceding the May 15, 2023 Letter

Plaintiff alleges that on April 5, 2023, Gruschow directed him to assess potential storm-related damage at the Town highway barns. (Compl. ¶ 20.) Plaintiff alleges that, upon arrival, a Town employee confronted him with profane language, and that Plaintiff then expressed frustration with the employees for allegedly not working during the storm. (Compl. ¶ 20.) Plaintiff alleges later that evening, a sheriff and state trooper went to Plaintiff's home and told him, "not to bring a fight to work the next day." (Compl. ¶ 21.)

Plaintiff alleges that on April 7, 2023, Lightfoote told him not to report to work until

2

further notice. (Compl. ¶ 22.) Plaintiff alleges that in early May 2023 Eddinger gave him an opportunity to resign in lieu of termination. (Compl. ¶ 25.) Plaintiff alleges that when he did not resign, he received a letter from Eddinger dated May 15, 2023, terminating his employment (the "May Letter"). (Compl. ¶ 27.) Plaintiff alleges that prior to receiving the May Letter, he was not provided with any formal notice or hearing by the Town. (Compl. ¶ 30.)

### III.    Post-Termination Proceedings and Notice of Claim

Plaintiff alleges that on March 22, 2024—after Plaintiff filed an Article 78 petition in New York State Supreme Court, Ontario County (the "Article 78 proceeding")—Eddinger provided Plaintiff with a notice of disciplinary charges. (Compl. ¶¶ 31-32). Plaintiff alleges that a hearing was held on April 26, 2024, and that, after the hearing, Ayers formally terminated Plaintiff on July 15, 2024. (Compl. ¶¶ 34-35.) Plaintiff alleges that he served the Town with a notice of claim concerning his termination on August 22, 2024, and does not allege service of a notice of claim at any earlier time. (Compl. ¶ 36.)

### PROCEDURAL HISTORY

Plaintiff filed an Article 78 Petition in Ontario County Supreme Court on September 15, 2023. (Declaration of Ryan Lefkowitz ["Lefkowitz Decl."], ¶ 3, Ex. A.) Plaintiff's Petition alleged that his termination, without formal notice or a hearing, violated Civil Service Law § 75. (Lefkowitz Decl., ¶ 3, Ex. A.) As part of that proceeding, Plaintiff moved for leave to serve a late notice of claim and for leave to amend the Petition to add the same three causes of action asserted in this Federal action. (Lefkowitz Decl., ¶¶ 9-10.)

On September 5, 2024, Supreme Court Justice Craig J. Doran issued a bench decision denying Plaintiff's application to file a late notice of claim and denying Plaintiff's Petition in

3

light of the April 26, 2024, hearing. (Lefkowitz Decl., ¶ 11, Ex. F at 8[1].) Following additional motion practice, Supreme Court Justice William K. Taylor issued a decision on October 28, 2025, denying Plaintiff's motion for leave to amend. (Lefkowitz Decl., ¶ 12, Ex. G at 3.) [2]

Plaintiff then commenced this action by filing the Complaint on January 5, 2026. (Dkt. No. 1-2.)

## ARGUMENT

### I.    Legal Standard for Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead a claim that is plausible on its face, meaning that the claim must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hulburt Health Consulting v. Otis Elevator Co.*, 2026 U.S. Dist. LEXIS 785, at *4 (W.D.N.Y. Jan. 5, 2026) (J. Vacca) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotations omitted) (affirming dismissal of due process claim on the ground that plaintiff was provided adequate post-deprivation hearing).

"In deciding a Rule 12(b)(6) motion, the Court may consider. . . documents attached

---

[1] Page number references are to the pagination stamped by the New York State Courts Electronic Filing System and not the pagination produced by the filer.

[2] Defendants reserve the right to assert the defense of *res judicata* at a later date. *See Weston Funding Corp. v. Lafayette Towers, Inc.*, 410 F. Supp. 980, 982 fn 2 (S.D.N.Y. 1976) ("The defense of *res judicata*, while contained in the list of affirmative defenses in F.R.Civ.P. 8(c), is not specified as a ground for a pretrial motion to dismiss pursuant to Rule 12(b), F.R.Civ.P., or for summary judgment pursuant to Rule 56, F.R.Civ.P. Nevertheless, it has generally been held in this circuit that in the interest of efficient and expeditious judicial administration, the defense of *res judicata* can be raised and considered at the pretrial stage.") (collecting cases).

to [the complaint] or incorporated in it by reference, [and] documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference. . ." *In re Merrill Lynch & Co.*, Inc., 273 F. Supp. 2d 351, 356 (S.D.N.Y. 2003) (collecting cases). Here, the Court may consider the May 2023 letter giving Plaintiff the option to resign [the "Resignation Offer Letter"] (Compl. ¶ 25) and the May Letter (Compl. ¶ 27).

Additionally, "[t]he Court may take judicial notice of filings in state or federal court," even where "a plaintiff makes little or no mention of the previous litigation or arbitration in the complaint." *Bass v. Pershing*, 2025 U.S. Dist. LEXIS 232134, at *10 (S.D.N.Y. Nov. 25, 2025). As such, the Court should take judicial notice of documents referenced herein that were filed in the Article 78 proceeding.[3]

## II.    Plaintiff's 42 U.S.C. § 1983 Due Process Claim (Count Two) Should be Dismissed

Plaintiff's second claim alleges a deprivation of his procedural due process rights under the Fourteenth Amendment between April 10, 2023 and March 22, 2024, the period between when he was allegedly directed not to report to work and the subsequent hearing.

"To prevail on a Fourteenth Amendment procedural due process claim, [Plaintiff] must demonstrate (1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Baltas v. Maiga*, 119 F.4th 255, 263 (2d Cir. 2024) (internal quotations omitted) (affirming summary judgment dismissal of due process claim). "To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013) (affirming

---

[3] For the Court's convenience, referenced filings from the Article 78 proceeding are attached as exhibits to the Declaration of Ryan Lefkowitz ("Lefkowitz Decl.").

dismissal).

A. It Is Uncontested That Plaintiff Was Provided with Adequate Post-Deprivation Process

It is well-established in the Second Circuit that "an Article 78 proceeding is a perfectly adequate postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996); *see also Attallah v. New York College of Osteopathic Med.*, 643 Fed. Appx. 7, 10-11 (2d Cir. 2016) (affirming grant of the defendants' motion to dismiss because "an adequate post-deprivation remedy in the form of an Article 78 proceeding was available under state law"); *Peters v. Stamps*, 2024 U.S. Dist. LEXIS 44730, at *9 (W.D.N.Y. Mar. 13, 2024) ("[T]he Second Circuit has held that an Article 78 proceeding is a sufficient post deprivation remedy to satisfy due process.").

As expressly pleaded in the Complaint, Plaintiff commenced an Article 78 proceeding following receipt of the May Letter. (Compl. ¶ 30.) This alone provided Plaintiff with an adequate post-deprivation remedy. Additionally, Plaintiff was also provided with a hearing pursuant to Civil Service Law § 75, presided over by a hearing officer. (Compl. ¶ 34.) Thus, based upon Plaintiff's own allegations, he was provided with adequate post-deprivation remedies.

B. Plaintiff's Claim Is Barred Because Only Post-Deprivation Process Was Required

"In considering what process is due, the Supreme Court has distinguished between claims based on state law or procedure, and claims based on random or unauthorized acts by state employees." *Henry v. City of New York*, 638 Fed. Appx. 113, 116 (2d Cir. 2016) (internal quotations omitted) (summary order). "In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation

6

remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Here, Plaintiff's allegations fall squarely within this latter category, meaning that only post-deprivation process was required.

Plaintiff only alleges conclusory assertions regarding the individual Defendant's authority. *See* Compl. ¶ 5 (alleging Eddinger had "discretionary and final authority to terminate Town employees"), ¶ 41 (alleging "Lightfoote was acting as the Town's final policymaker concerning Kerrick's employment when he told Kerrick not to return to work"). which "at most, pleaded a claim based on random or unauthorized acts by state employees." *See Henry*, 638 Fed. Appx. at 115-116.

Plaintiff does not allege that the procedures afforded by the Town pursuant to Civil Service Law § 75 were inadequate. Instead, Plaintiff alleges that Defendants failed to comply with the prescribed procedures. *See* Compl. ¶ 55 ("Defendant Lightfoote violated lawful procedures and Kerrick's due process rights when he told him not to return to work on or around April 7, 2023 without notice of disciplinary charges pursuant to Civil Service Law § 75."), ¶ 56 ("Defendant Eddinger violated lawful procedures and Kerrick's due process rights when he informed Kerrick his employment with the Town was terminated on or around May 15, 2023 without notice of disciplinary charges pursuant to Civil Service Law § 75.").

In *Henry v. City of New York*, the Second Circuit assessed similar allegations raised by a plaintiff, determined those allegations amounted to nothing more than random or unauthorized acts by the defendants, and therefore affirmed the district court's dismissal of the procedural due process claim. The Court held:

> Here, plaintiffs do not allege that the processes afforded by the state are inadequate, but rather that defendants did not comply with the prescribed procedures. Further, plaintiffs have not plausibly alleged that the acts complained of do not constitute random or unauthorized conduct, as they merely plead conclusory

7

assertions that defendants were high-ranking officials who are ultimate decision-maker[s] and have final authority over significant matters. Plaintiffs have similarly offered only conclusory allegations regarding the existence of an unofficial policy under which state officials regularly disregarded procedural requirements for terminations. Therefore, plaintiffs have, at most, pleaded a claim based on random or unauthorized acts by state employees and, accordingly, no Section 1983 due process claim will lie so long as the state has provided a meaningful post-deprivation remedy. As such, Plaintiff has only alleged a due process claim based on random or unauthorized acts.

*Henry*, 638 Fed. Appx. at 115-16 (citations and internal quotations omitted).

Given the striking similarity between the allegations raised by the Plaintiff and those rejected in *Henry*, this Court should reach the same result and dismiss the claim. At most, Plaintiff alleges random or unauthorized acts by state employees.  Thus, the availability of a meaningful post-deprivation remedy—here, both Article 78 review *and* a hearing pursuant to Civil Service Law § 75—is fatal to Plaintiff's due process claim. *See Wolfe v. City of Rochester*, 2016 U.S. Dist. LEXIS 139210, at *9 (W.D.N.Y. Oct. 6, 2016) ("Plaintiff's claim that Defendants failed to follow the appropriate procedures specified in Section 75 when terminating him necessarily fails because of the availability of [New York Civil Practice Law and Rules] Article 78 review."); *see also Henry*, 638 Fed. Appx. at 116 ("Here, an Article 78 proceeding was available to plaintiffs, which is sufficient to satisfy the Due Process Clause.").

C. If Pre-Deprivation Process Were Required, Plaintiff Received Actual Notice and an Opportunity to Respond

Even if this Court were to find that Plaintiff asserted a claim based on state law or procedure (which he has not), Plaintiff's claim would still fail because Plaintiff was provided with a pre-deprivation opportunity to be heard.

"The essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). "When a public employee who has a constitutionally protected property interest in his employment is

8

terminated, 'procedural due process is satisfied if the government provides notice and a *limited* opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards.'" *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 356 (S.D.N.Y. 2004) (emphasis added) (citing *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001)).

Actual notice satisfies the pre-deprivation due process requirement. *See United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010) (actual notice "more than satisfie[s]" a party's right to due process); *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 615 (E.D.N.Y. 2011) ("[I]f a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended.") (quoting *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995)).

Plaintiff received actual, pre-deprivation notice. Here, Plaintiff alleges that he was first told not to return to work on April 7, 2023. (Compl. ¶ 22.) Eddinger then sent Plaintiff the Resignation Offer Letter, which bore the subject line "Termination of Your Employment with the Town of Gorham/Highway Department." (Compl. ¶ 25; Lefkowitz Decl., ¶ 5, Ex. B.) The letter stated that if Plaintiff failed to sign and return it by May 9, 2023, his "employment will be terminated as of that date." (Lefkowitz Decl., ¶ 5, Ex. B.)  That letter provided Plaintiff with actual notice of his imminent termination.

Plaintiff also received an opportunity to be heard prior to his termination. Plaintiff, through counsel, responded before the May Letter issued. On April 25, 2023, Plaintiff's then-counsel Gerald Forcier, Esq. responded on Plaintiff's behalf. (Lefkowitz Decl., ¶ 8, Ex. E.) The May Letter followed. These facts establish notice and an opportunity to respond. *See Morton v. Cty. of Erie*, 335 F. Supp. 3d 449, 457 (W.D.N.Y. 2018) (Wolford, C.J.) (finding no due process violation despite Counter-defendant's failure to strictly adhere to New York state

statute requiring written notice and opportunity to respond where the plaintiff was provided with actual notice in the form of a letter, to which the plaintiff responded); *see also Rivera-Powell v. N.Y. City Bd. Of Elections*, 470 F.3d 458, 467 (2d Cir. 2006) (finding plaintiff's "due process claim fails" where the plaintiff was "afforded [] notice and an opportunity to be heard").

Importantly, Plaintiff also had a full adversarial hearing after his termination in the form of both an Article 78 petition and a hearing pursuant to Civil Service Law § 75. (Compl. ¶¶ 31-33.) This pre-termination notice and opportunity to be heard, in conjunction with the subsequent Article 78 review *and* a hearing pursuant to Civil Service Law § 75 satisfies due process. *See Locurto v. Safir*, 264 F.3d 154, 173-75 (2d Cir. 2001) (finding that, when terminated employees alleged that the administrative procedures leading to their termination were biased and contrary to law, due process was satisfied by a "minimal" hearing followed by a "wholly adequate post-deprivation" Article 78 hearing).

Plaintiff's entire due process claim rests on the allegation that he was not provided "with any formal notice or hearing pursuant to Civil Service Law § 75." (Compl. ¶ 75.) But, a federal due process claim does not require strict adherence to state regulations, only the provision of constitutionally sufficient process. *See McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir.1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.") (internal citations omitted). "The enforcement of state regulations, such as those existing in this case, is to be done through the state court system and not in an action under 42 U.S.C. §§ 1981 and 1983, where no federal constitutional guarantees have been violated." *Id.*

Plaintiff already availed himself of the state court system to challenge any alleged violation of Civil Service Law § 75. With respect to the federal due process claim he now asserts, he was provided with a notice and opportunity to respond before the May Letter. He availed himself of Article 78 review, and he received a full hearing pursuant to Civil Service Law § 75. Thus, Plaintiff was provided with constitutionally sufficient process, and his federal due process claim should be dismissed.

### III. Plaintiff's State Law Whistleblower Retaliation Claim (Count Three) Should be Dismissed

Plaintiff's third claim asserts a state law whistleblower retaliation claim under Civil Service Law § 75-b, alleging that he was terminated in retaliation for disclosing information to a governmental body. (Compl. ¶ 64.)

"Civil Service Law § 75-b prohibits a public employer from taking disciplinary action to retaliate against an employee for reporting improper governmental action." *Matter of Hardy v. Kraham*, 224 A.D.3d 946, 949 (N.Y. App. Div. 2024) (internal quotations omitted). As set forth below, Count Three must be dismissed because Plaintiff failed to serve a timely notice of claim, and the claim itself is time-barred.

A.  Plaintiff Failed to Serve a Timely Notice of Claim

Notice of claim requirements apply to state law claims filed in federal court. *See Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) ("[T]he general rule [is] that in a federal court, state notice-of-claim statutes apply to state-law claims."); *see also Warner v. Vill. of Goshen Police Dep't*, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003) ("The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action."). "Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file

a late notice." *Gibson v. Comm'r of Mental Health*, 2006 U.S. Dist. LEXIS 27428 at \*5 (N.D.N.Y. Apr. 17, 2024). "To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) (dismissing complaint "void of any allegation that a notice of claim was filed").

Pursuant to Town Law § 67, "[a]ny claim . . . which may be made against the town or town superintendent of highways for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law." Section 50-E of the General Municipal Law requires a notice of claim to be served in writing "within ninety days after the claim arises."

On the face of the Complaint, Plaintiff's claim arose – at the latest[4] – on May 15, 2023, when he received written notice that the Town was terminating his employment. *See Dykstra v. Wyeth Pharms., Inc.*, 454 Fed. Appx. 20, 22 (2d Cir. 2012) (finding that the plaintiff's cause of action accrued on the day he was "notified of his suspension pending discharge," and not the date of actual discharge, because "[t]he actual termination, therefore, flows as an inevitable consequence from the notice of suspension, and . . . are properly viewed as one personnel action"); *see also Thomas v. City of Oneonta*, 90 A.D.3d 1135, 1136 (N.Y. App. Div. 2011) ("Plaintiff's constructive discharge claim [pursuant to Civil Service Law § 75-b] . . . arose when he tendered his resignation on November 2, 2009 – the date upon which plaintiff 'severed his relationship with his former employer' – not the date upon which he deemed his resignation to be effective."); *Donas v. City of New York*, 62 A.D.3d 504, 505 (N.Y. App. Div.

---

[4] Based on the applicable caselaw, Plaintiff's claim arguably arose earlier, either on April 7, 2023, when Lightfoote told him not to show up to work (Compl. ¶ 22), or in early May of 2023, when Plaintiff was told to resign in lieu of termination (Compl. ¶ 27). However, taking the allegations in the Complaint in the light most favorable to Plaintiff, his claim arose no later than May 15, 2023, when he was told that his employment with the Town was terminated. (Compl. ¶ 27.)

2009) (affirming grant of motion to dismiss for failure to file a timely notice of claim where "plaintiff's claim accrued no later than September 2003, when he allegedly was told that he would never be promoted," because "absent any details of new discrete acts, rather than the effects of past acts . . . plaintiff's allegations are insufficient to establish a continuing violation claim").

Plaintiff alleges that he served a notice of claim on August 22, 2024. (Compl. ¶ 36.) This is 465 days after May 15, 2023. Plaintiff previously sought, and was denied, leave to file a late notice of claim in connection with his Article 78 proceeding. (Lefkowitz Decl., ¶¶ 9, 11, Ex. F). Plaintiff does not allege that he served any notice of claim within ninety days of the May 15, 2023 termination notice.

The Complaint repeatedly alleges that Plaintiff was informed of his termination on May 15, 2023. (Compl. ¶¶ 27, 47, 56.) Plaintiff's later "formal termination" on July 15, 2024, "flows as an inevitable consequence" of the May Letter and ensuing Article 78 proceeding. (Compl. ¶ 46.) *See Dykstra*, 454 Fed. Appx. at 22. Therefore, his whistleblower claim is properly viewed as "one personnel action," arising, at the latest, on May 15, 2023. *Id.* Plaintiff's claim should be dismissed for failure to file a timely notice of claim.

B.  Plaintiff's Claim Is Time-Barred

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). The statute of limitations for Civil Service Law § 75-b claims is two years. *See* N.Y. Civ. Serv. Law § 75-b(3)(c); N.Y. Lab. Law § 740(4)(a).

For the reasons stated above, Plaintiff's claim accrued at the latest on May 15, 2023, and became time-barred on May 16, 2025. *See Queensborough Community College of City University of New York v. State Human Rights Appeal Board*, 41 N.Y.2d 926, 926 (1977) ("The act

13

of giving complainant notice that she would not be reappointed gave rise immediately to a 'cause of action', as the Appellate Division observed, and therefore started the running of the limitation period."); *see also Thomas*, 90 A.D.3d at 1136 (finding Civil Service Law § 75-b claim untimely based on date where relationship with employer was severed, not date upon which resignation was deemed to be effective). Count Three should be dismissed as untimely.

## CONCLUSION

As set forth above, Plaintiff has failed to state a claim with respect to Count Two and Count Three. Based on the foregoing, Defendants Town of Gorham, Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers respectfully request that the Court dismiss Counts Two and Three pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and without leave to amend.

DATED: March 23, 2026

**ADAMS LECLAIR LLP**

By: /s/ *Ryan Lefkowitz*

Robert P. Yawman, Esq.
Ryan Lefkowitz, Esq.
*Attorneys for Defendants*
1200 Bausch and Lomb Place
Rochester, New York 14604
Tel: (585) 327-4100
ryawman@jadamsleclair.law
rlefkowitz@adamsleclair.law

14