UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CLAIR "BUBBY" KERRICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOWN OF GORHAM, ZACHARY EDDINGER, FREDERICK LIGHTFOOTE, AND BRANDON AYERS,<br><br>　　　　Defendants. | Case No. 6:26-CV-6006-MAV |

# Plaintiff Clair Kerrick's Memorandum of Law in Opposition to Defendants' Motion to Dismiss

**GREGORY L. SILVERMAN, ESQ., PLLC**

Gregory L. Silverman
118 Genesee St
Geneva, NY 14456
Tel: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Clair "Bubby" Kerrick*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 3

FACTUAL BACKGROUND ...................................................................................................... 5

STANDARD OF REVIEW ......................................................................................................... 6

LEGAL ARGUMENT ................................................................................................................ 8

    I. Kerrick States a Claim for a Pre-Deprivation Procedural Due Process Violation .................... 8

        A. Kerrick maintained a protected property interest in his continued employment ........ 8

        B. The Town was obligated to provide Kerrick with notice of specific misconduct
           and a hearing before it could remove him from his employment ................................. 8

             1. The notice must describe the alleged misconduct with specificity ................. 9

             2. A pre-removal hearing is required for employment ........................................... 9

        C. The Town never provided Kerrick notice of the specific misconduct alleged
           and pre-removal hearing before in 2023 .......................................................................... 10

        D. The availability of post-removal process is irrelevant because the Town failed to
           provide the requisite pre-removal procedures ................................................................. 14

        E. Conclusion ........................................................................................................................ 15

    II. Kerrick States a Timely Whistleblower Claim ................................................................. 15

CONCLUSION .......................................................................................................................... 16

Plaintiff Clair "Bubby" Kerrick by and through undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants Town of Gorham, Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers (collectively, the "Town") Motion to Dismiss.

## INTRODUCTION

The Town's motion to dismiss should be denied. It ignores the standard of review on a Rule 12(b)(6) motion – that Kerrick's allegations are deemed true and all reasonable inferences from them construed in his favor – by ignoring assertions, seeking to interpret allegations in its own favor, and injecting materials not "integral" to the complaint.

**Due Process Clause.** Kerrick states a viable claim for a violation of the Due Process Clause. First, the Town does not dispute that Kerrick can meet the initial element, or that he had a constitutionally protected property interest in his continued public employment. Kerrick's employment was protected by the just cause protections afforded by Civil Service Law (CSL) § 75. Second, Kerrick alleges that the Town never gave him the constitutionally required process: a notice of the specific misconduct alleged, and a pre-removal hearing, before suspending and firing him in 2023.

The Town attempts to create disputes of fact, inappropriate at this juncture. It argues that a letter it sent Kerrick, giving him the option to resign in lieu of termination, afforded him the constitutionally mandated process. First, this letter should not be considered "integral" to Kerrick's allegations because it does not indisputably show the Town provided Kerrick the required process. But even if considered, it actually supports Kerrick's allegations. The letter confirms that the Town decided to terminate Kerrick without any notice of the particular misconduct alleged, or a scheduled pre-removal hearing. The letter declares the only remaining issue was whether Kerrick wanted to resign before he was formally fired. Finally, it is black-

letter law that the availability of post-removal process, such as an Article 78 proceeding, cannot cure the Town's earlier failure to provide the required pre-removal safeguards.

**Whistleblower retaliation.** The Town overlooks that Kerrick's complaint wholly grounds his whistleblower retaliation claim on his 2024, not 2023, termination. After Kerrick's 2023 termination he filed an Article 78 proceeding demanding CSL § 75 process. In response, the Town reinstated him to provide CSL § 75's mandated notice and hearing. By taking those steps, the Town necessarily treated the earlier firing as legally defective. After the CSL § 75 hearing in 2024, the Town terminated Kerrick. His whistleblower claim is grounded on this action, after which he timely served a notice of claim.

Accepting the Town's argument that the statute of limitations on his termination began running in 2023 would mean that the Town's reinstatement of Kerrick in 2024 to provide CSL § 75 process was a sham, and purposefully done to deceive Kerrick when the limitations period began running. While that might be true, at this stage Kerrick's allegations that the Town provided CSL § 75 process to make his termination legally binding in 2024 are treated as true.

The Town's motion to dismiss should be denied.

**FACTUAL BACKGROUND**

Kerrick worked for the Town of Gorham's Highway Department as a Motor Equipment Operator, starting in 1999. *See* Compl. ¶ 11 (Doc. 1-2).[1] Two decades later, Kerrick saw the Town's newly elected Highway Superintendent, Defendant Zachary Eddinger, driving his Town-issued truck after his driver's license was suspended for driving under the influence. ¶ 12. He informed the Town's Deputy Highway Superintendent and a member of the Town Board. ¶ 13. Kerrick also disclosed that he believed Eddinger was storing a mini-excavator that the Town had yet to pay for, and was attempting to secure it without required Town Board approval. ¶ 17. Soon after these disclosures, Eddinger stopped showing up at work. ¶ 18. The mini-excavator was eventually removed from the Highway Department and returned to the dealership. ¶ 19.

Weeks later the Town Supervisor, Defendant Frederick Lightfoote, told Kerrick not to show up to work until further notice. ¶ 22. The Town then informed Kerrick he would be fired, and offered him the option of resigning in lieu of termination. ¶ 25. Kerrick did not resign. ¶ 26. Eddinger then fired him in a letter dated May 15, 2023. ¶ 27.

Given his long tenure, Kerrick was protected from disciplinary actions by the just cause provisions of CSL § 75. Before his 2023 suspension and termination, the Town never provided Kerrick with any notice describing his alleged misconduct, or a pre-removal hearing, as required under CSL § 75. ¶¶ 28, 29. Kerrick then commenced an Article 78 proceeding in state court seeking CSL § 75 process and a ruling that the Town's 2023 removal was illegal. ¶ 30. In response, the Town decided to provide Kerrick CSL § 75 process. ¶ 32. The Town's March 2024 notice of disciplinary charges was the first time the Town had provided Kerrick with any notice of his alleged misconduct since his removal in 2023. ¶ 33.

---

[1] The paragraph symbols in this section (¶) refer to Plaintiff's Complaint.

After a CSL § 75 hearing, the Town's designated hearing officer did not recommend Kerrick's termination. ¶ 34. The Town fired Kerrick anyway in July 2024. ¶ 35. One month later, Kerrick served the Town with a Notice of Claim concerning his 2024 termination. ¶ 36. Kerrick initiated this action more than 30 days after he served the Town with the Notice of Claim. ¶ 36.

## STANDARD OF REVIEW

At the motion to dismiss stage, only facts contained in the complaint or incorporated by reference will be considered, and all alleged facts are construed in a light most favorable to the plaintiff. *Faulkner v. Beer*, 463 F.3d 130 (2nd Cir. 2006). A motion to dismiss must be defeated when the plaintiff alleges facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Town injects seven separate exhibits in their motion to dismiss. These cannot be considered at this juncture because they are not "integral" to Kerrick's claims. Put differently, Kerrick's claims do not rise or fall with these documents. As the Second Circuit summarized:

> A motion brought under Rule 12(b)(6) challenges only the "legal feasibility" of a complaint. The test of a claim's "substantive merits" is "reserved for the summary judgment procedure, governed by Federal Rule of Civil Procedure 56, where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule. Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken."

*Goel v. Bunge, Ltd.*, 820 F.3d 554, 558–59 (2d Cir. 2016) (citations omitted; cleaned up).

Documents may be considered as integral to the complaint when:

the complaint relies heavily upon its terms and effect. Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotations from the document is not enough. In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.

*Id.* at 559 (citations omitted; cleaned up). The *Goel* Court reversed the district court's consideration of the plaintiff's sworn testimony in a separate litigation on a motion to dismiss. It further elaborated that:

A complaint that alleges facts related to or gathered during a separate litigation does not open the door to consideration, on a motion to dismiss, of any and all documents filed in connection with that litigation. A contrary rule would permit the improper transformation of the Rule 12(b)(6) inquiry into a summary-judgment proceeding—one featuring a bespoke factual record, tailor-made to suit the needs of defendants.

Of course, the Federal Rules of Civil Procedure contemplate that when a district court is presented with materials outside the pleadings at the motion-to-dismiss stage, circumstances sometimes favor their consideration. If the court wishes to take account of such materials, however, the Rules oblige it to treat the motion as one for summary judgment under Rule 56 and give all parties a reasonable opportunity to present all the material that is pertinent to the motion.

*Id.* at 560 (citations omitted; cleaned up).

As detailed below, the exhibits the Town injects into their motion to dismiss are not "integral" to Kerrick's allegations and should be disregarded at this stage.

7

## LEGAL ARGUMENT

### I.    Kerrick States a Claim for a Pre-Deprivation Procedural Due Process Violation.

Kerrick specifies that his second cause of action is grounded in the Town's failure to provide the pre-removal process of a meaningful notice and hearing before he was suspended and terminated in 2023. Compl. ¶¶ 22-29, 58-59.

The procedural component of the Due Process Clause prevents the deprivation of a protected interest absent sufficient procedural protections. Courts evaluate procedural due process claims using a two-prong test: "(1) whether plaintiffs possessed a protected liberty or property interest, and, if so, (2) what process plaintiffs were due before they could be deprived of that interest." *Adams v. Suozzi*, 517 F.3d 124, 127 (2d Cir. 2008).

### A.    Kerrick maintained a protected property interest in his continued employment.

The Town does not dispute that Kerrick can meet this first prong. It is well-settled that "continued public employment covered by Civil Service Law § 75 gives rise to a property interest protected by the Due Process Clause of the Fourteenth Amendment." *Marentette v. City of Canandaigua*, 351 F. Supp. 3d 410, 418 (W.D.N.Y. 2019) (citing cases).

### B.    The Town was obligated to provide Kerrick with notice of specific misconduct alleged and a hearing before it could remove him.

If a property right qualifies for protection under the Fourteenth Amendment, "[t]he second step of the analysis ... asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review." *Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (*citing Mathews v. Eldridge*, 424 U.S. 319 (1976)).

1.  The notice must describe the alleged misconduct with specificity.

Generally, "[r]eceiving notice is integral to a party's due process rights under the constitution because the 'right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'" *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 614 (E.D.N.Y. 2011) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

To comply with due process requirements, the notice must "set forth the alleged misconduct with particularity." *Spinelli v. City of New York*, 579 F.3d 160, 171 (2d Cir. 2009). Due process notice requires "specifications of acts or patterns of conduct, not general, conclusory charges unsupported by specific factual allegations." *Id.* at 172. "The degree of required specificity also increases with the significance of the interests at stake." *Id.* When the potential deprivation implicates employment, the interests at stake are "substantial." *Id.*

2.  A pre-removal hearing is required for employment.

When "a governmental employee is found to have a 'property interest' in continuation of his or her employment, the Due Process Clause of the Fourteenth Amendment forbids discharge unless the employee is afforded a pre-termination hearing." *O'Neill v. City of Auburn*, 23 F.3d 685, 688 (2d Cir. 1994) (*citing Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)).

The purpose of a meaningful pre-removal hearing is to provide a "check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46 (1985). It allows for "a meaningful hedge against erroneous action." *Id.* at 543 n.8.

9

**C.    The Town never provided Kerrick the mandated notice and pre-removal hearing before it removed him in 2023.**

Kerrick alleges that the Town removed him from employment, first via an involuntarily suspension and then termination, without any notice of the specific misconduct alleged or the required pre-removal hearing. Specifically, Kerrick alleges that the Town: informed Kerrick not to show up to work until further notice, ¶ 22; used his accrued leave time to pay him during this suspension, ¶ 24; provided him the option of resigning in lieu of termination, and then terminated him, ¶¶ 25-27; and never followed the dictates of CSL § 75, a notice of the reasons for his removal and a hearing, before this occurred. ¶ 28-29.

Under the procedures required by CSL § 75,

> [a] person against whom removal or other disciplinary action is proposed shall have <u>written notice thereof and of the reasons therefor</u>, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. <u>The hearing upon such charges</u> shall be held by the officer or body having the power to remove the person against whom such charges are preferred…

CSL § 75(2) (emphasis added). This mandated process under CSL § 75 is virtually identical to that required under the Due Process Clause. *See Spinelli*, 579 F.3d at 171 (the notice must "set forth the alleged misconduct with particularity"); *Dwyer v. Regan*, 777 F.2d 825, 831 (2d Cir. 1985) ("the removal of a tenured employee from his position requires some kind of preremoval hearing."); *O'Neill*, 23 F.3d at 688 (the employee must be "afforded a pre-termination hearing."); *see also Loudermill*, 470 U.S. at 544–45 ("where the employer perceives a significant hazard in keeping the employee on the job [pending a hearing], it can avoid the [potential procedural due process] problem by suspending with pay"). In sum, Kerrick states a viable claim that the Town violated the Due Process Clause by failing to provide him with the required specific notice and hearing before it removed him from employment.

The Town assertions otherwise should be rejected. It claims it provided Kerrick constitutionally adequate notice when it told him not to return to work, Compl. ¶ 22, and then provided him a letter offering him the opportunity to resign in lieu of termination. *See* Defs.' Mem. of Law at 9 (Doc. 6-9).

First, simply informing Kerrick not to return to work lacks any notice setting "forth the alleged misconduct with particularity" *See Spinelli*, 579 F.3d at 171. Next, this letter simply confirmed the Town's decision to terminate, and just offered Kerrick the opportunity to resign before they fired him. (Doc. 6-3.) The letter should not be considered because it is not "integral" to Kerrick's claim because it is not "a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls." *See Goel*, 820 F.3d at 559. But even if considered in a light most favorable to Kerrick, the letter supports Kerrick's claim of lack of specific notice. The Town argues the letter "provided Plaintiff with actual notice of his imminent termination." *See* Defs.' Mem. of Law at 9 (Doc. 6-9). But the notice requirement of procedural due process requires more than "notice of an imminent termination." It must "set forth the alleged misconduct with particularity." *Spinelli*, 579 F.3d at 171. "[G]eneral, conclusory charges unsupported by specific factual allegations" will not suffice. *Id.* Here, the letter only provides vague notice of "unacceptable workplace conduct" – nothing more. (Doc. 6-3.)

Second, the letter fails to indisputably show how the Town provided Kerrick a meaningful opportunity to be heard before the Town's decision to terminate Kerrick in 2023 was final. First, the Town presents no unambiguous evidence that the Town scheduled a pre-removal hearing where Kerrick could be heard. *See O'Neill*, 23 F.3d at 688 (2d Cir. 1994) (the employee must be "afforded a pre-termination hearing."). Even if a scheduled hearing was not required as the Town avers, this letter, viewed in a light most favorable to Kerrick and affording him all

reasonable inferences, can be read to allow one to reasonably conclude that the Town already decided to terminate his employment. The subject line reads: "Termination of Your Employment with the Town of Gorham/Highway Department." The introductory paragraph confirms the subject line's declaration of Kerrick's termination, that the Town Supervisor "imparted to you about the decision to terminate your employment." One could reasonably construe this letter to mean that the Town's decision to terminate already occurred, and the only issue to be decided was whether Kerrick would accept the Town's offer to resign before a formal termination. Indeed, the letter simply offers resignation in lieu of termination: "As an alternative [to] termination, The Town/Highway Department proposes that you resign effective May 9th, 2023." (Emphasis added.) Treating Kerrick's allegations as true, and construing the Town's letter in a light most favorable to him, it follows that Kerrick states a viable claim for violation of procedural due process based on the Town's termination in 2023.

Similarly to these allegations, in *Dwyer v. Regan*, the Second Circuit held the employee adequately alleged that the state violated procedural due process when it failed to provide formal notice and a hearing under CSL § 75 before the termination. 777 F.2d at 831. It cited the U.S. Supreme Court case of *Loudermill* that the "'root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'" *Id.* (*citing Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985)). As to protected employment, "the removal of a tenured employee from his position requires some kind of preremoval hearing." *Id.* The *Dwyer* Court reasoned that:

> Under New York law, the State would not have been allowed to remove Dwyer from his ongoing position without showing that he was incompetent or had engaged in misconduct. N.Y. Civ.Serv.Law § 75(1). Thus, <u>if the State had determined that it wished simply to separate Dwyer from his position, it would have been required by due process to accord him a pretermination hearing</u>. The complaint asserts that separating Dwyer from his ongoing position was in fact

> Regan's goal. If this is so, some kind of pretermination hearing plainly was
> required. In such circumstances, the mere fact that a different reason for the
> termination of Dwyer's employment was stated did not eliminate the requirement
> of a pretermination hearing. The State may not avoid its obligation to provide a
> pretermination hearing by engaging in sham or pretextual conduct.

*Id.* (emphasis added); *see also Swain v. Town of Wappinger*, No. 17-cv-5420, 2019 WL 2994501, at *22 (S.D.N.Y. July 9, 2019) (granting summary judgment in the worker's favor after it was "uncontested that Plaintiff did not receive pre-termination notice or the opportunity to be heard" under the applicable Collective Bargaining Agreement provisions).

The cases cited by the Town to support their arguments either support Kerrick's claim, or are unavailing. In *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 615 (E.D.N.Y. 2011), the court denied the defendant's summary judgment motion because a jury could have concluded that the plaintiff lacked notice of a scheduled hearing. Here, Kerrick alleges there was no such scheduled hearing. The other cited cases did not involve a constitutionally protected interest in employment. *See Morton v. Cty. of Erie*, 335 F. Supp. 3d 449, 457 (W.D.N.Y. 2018) (a former elected county legislator sued the county for alleged violations of his procedural due process rights in relation to imposition of fine by the board of ethics); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 466 (2d Cir. 2006) (holding that the judicial candidate who was removed from primary election ballot received adequate process before removal from the ballot).

**D.      The availability of post-removal process is irrelevant because the Town never provided the mandated pre-removal procedures.**

The availability of a post-removal remedy, like an Article 78 proceeding, is not dispositive of whether a plaintiff can state a claim for a violation of the procedural due process before a termination. As the Second Circuit explained in *Todaro v. Norat*:

> The district court's decision that a post-termination hearing under Article 78 was
> constitutionally adequate directly conflicts with the holding of *Cleveland Bd. of*
> *Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which

requires a government entity to give its tenured employee notice and an opportunity to respond *before* he is terminated from a public position. Due process does not require a full, judicial-type hearing before employment is terminated, but certain features must be present to fulfill the minimum requirements of fairness: the employee must be given oral or written notice of the charges against him, an explanation of the employer's evidence, and the opportunity to present his side of the story. *Id*. at 546, 105 S.Ct. at 1495. A post-termination proceeding such as that provided under Article 78 does not meet the *Loudermill* requirements because it takes place *after* the employee has lost his job.

112 F.3d 598, 599 (2d Cir. 1997) (emphasis in original); *see also Reynolds v. Vill. of Chittenango*, No. 519-cv-416, 2020 WL 1322509, at *6 (N.D.N.Y. Mar. 20, 2020) ("Here, Reynolds[ ] alleges that defendants did not provide him with the pre-termination notice and hearing that was required under law and contract. Accordingly, the availability of an Article 78 proceeding does not foreclose his procedural due process claim."); *Mullen v. Vill. of Painted Post*, 356 F. Supp. 3d 275, 282 (W.D.N.Y. 2019) (because plaintiff alleged he was not provided a meaningful pre-termination opportunity to respond, "a post-deprivation procedural safeguard such as an Article 78 proceeding does not automatically satisfy due process"); *Gupta v. City of Norwalk*, No. 98-CV-2153, 2007 WL 988692, at *4 (D. Conn. Mar. 31, 2007) ("[A] post-deprivation proceeding cannot remedy an initial failure to satisfy a requirement that there have been a pre-deprivation hearing."); *Manza v. Newhard*, 470 F. App'x 6, 9 (2d Cir. 2012) (a sufficient post-deprivation remedy "does not address whether [plaintiff] received sufficient pre-deprivation process").

### E.     Conclusion.

Kerrick alleges that the Town never provided him with notice of the particular misconduct alleged, or a hearing, before it removed him from his employment in 2023. Even if considered, and in a light most favorable to Kerrick, the Town's letter states the decision to

14

terminate Kerrick had been made, and asked if he desired to resign before the termination was final. This states a viable claim for violation of the Due Process Clause.

## II.    Kerrick States a Timely Whistleblower Claim

Kerrick's whistleblower claim is grounded on his 2024 termination after the Town eventually decided to provide him with process under CSL § 75. Compl. ¶ 64. The Town's argument that the statute of limitations began tolling on this claim in 2023 ignores that the Town, after Kerrick filed his Article 78 proceeding, effectively reinstated him in 2024 to provide the mandated notice and hearing under CSL § 75. Compl. ¶¶ 29-35.

Accepting the Town's argument that the statute of limitations on his termination began running when Kerrick was removed in 2023 would mean that the Town's reinstatement of Kerrick in 2024 to provide CSL § 75 process was a sham, and purposefully done to deceive Kerrick into when the limitations period began to run. While that might be true, Kerrick alleges that the Town provided CSL § 75 process to make his termination legally binding.

It is well settled that "definite notice" of a termination is required to start the limitations period running. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000) ("the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee"); *see also Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014) ("termination occurs when the employer shows, by acts or words, clear intention to dispense with the employee's services."); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 134 (5th Cir.1992) (termination occurs "when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination.").

There would be no reason to reinstate Kerrick to provide him CSL § 75 process in 2024 if his 2023 termination was "definite" and "unequivocal." After Kerrick commenced his Article 78

15

action, the Town decided to provide due process under CSL § 75, recognizing that prior removal of Kerrick from his employment was null and void without following CSL § 75. If the Town had never decided to provide Kerrick the process owed under CSL § 75 in 2024 and left its 2023 termination intact, the Town's timeliness argument might have more sway. But Kerrick alleges the Town effectively reinstated him after Kerrick filed his Article 78 proceeding to provide the process owed under CSL § 75. Compl ¶¶ 29-34. After providing such procedures, the Town formally terminated Kerrick in July 2024. Compl. ¶ 35. Kerrick then served a notice of claim on the Town less than 90 days later. Compl. ¶ 36.

The cases the Town relies upon to claim that Kerrick's 2024 termination "flow[ed] as an inevitable consequence" of the 2023 termination actually supports Kerrick's timeliness argument. In *Dykstra v. Wyeth Pharms., Inc.*, the Second Circuit noted that the statute of limitations "will be tolled when the grievance procedure is mandatory, it will typically not be tolled where a voluntary grievance procedure is employed." 454 F. App'x 20, 23 n.3 (2d Cir. 2012). Here, by reinstating Kerrick to provide him with CSL § 75 process, the Town effectively conceded that it was obligated to provide the statutorily required notice and a hearing before it could effectively terminate him.

In sum, Kerrick's whistleblower claim alleging his 2024 termination was in retaliation for his whistleblowing is not time-barred or subject to dismissal for failure to timely file a notice of claim.

## CONCLUSION

Plaintiff Clair "Bubby" Kerrick respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.

Dated: April 24, 2026                    **GREGORY L. SILVERMAN, ESQ., PLLC**

                              By:    /s/ Gregory L. Silverman
                                     118 Genesee St
                                     Geneva, NY 14456
                                     Tel: (585) 480-6686
                                     greg@silverman-law.com
                                     *Attorney for Plaintiff Clair "Bubby" Kerrick*

17