UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CLAIR "BUBBY" KERRICK,

       Plaintiff,

             6:26-CV-06006 (MAV)

   v.

TOWN OF GORHAM,
ZACHARY EDDINGER,
FREDERICK LIGHTFOOTE, and
BRANDON AYERS

       Defendants.

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

**ADAMS LECLAIR LLP**

Stacey E. Trien, Esq.
Robert P. Yawman, Esq.
Ryan Lefkowitz, Esq.
*Attorneys for Defendants*
1200 Bausch and Lomb Place
Rochester, New York 14604
Tel.: 585-327-4100
Fax.: 585-327-4200
E-mail: strien@adamsleclair.law
E-mail: ryawman@adamsleclair.law
E-mail: rlefkowitz@adamsleclair.law

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.    The Court Should Consider the Attached Exhibits ............................................... 1

    II.    The Court Should Dismiss Plaintiff's Due Process Claim (Count Two) ................ 3

        A.    A pre-deprivation hearing is not required in the employment context ............ 3

        B.    Even where pre-deprivation notice is necessary, due process does not require notice describing the alleged misconduct with specificity. ............................. 4

        C.    Even if a post-deprivation remedy alone does not satisfy Due Process, the availability of post-deprivation remedies is relevant. ..................................... 6

    III.    Plaintiff Fails to State a Timely Whistleblower Claim (Count Three) .................... 8

CONCLUSION ...................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Cases**

*Carmellino v. District 20 of New York City Dept. of Educ.*,
2006 WL 2583019 (S.D.N.Y. Sept. 6, 2006) ..................................................... 8

*Cleveland Bd. Of Educ. v. Loudermill*,
470 U.S. 532 (1985) .......................................................................................6, 7

*Cortec Industries, Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)................................................................................ 2

*Dwyer v. Regan*,
777 F.2d 825 (2d Cir. 1985).......................................................................5, 6, 7

*Dykstra v. Wyeth Pharmaceuticals, Inc.*,
454 Fed. Appx. 20 (2d Cir. 2012) ................................................................... 9

*Flaherty v. Metromail Corp.*,
235 F.3d 133 (2d Cir. 2000)............................................................................. 8

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016).............................................................................. 2

*Hellenic Am. Neighborhood Action Comm. v. City of New York*,
101 F.3d 877 (2d Cir. 1996).............................................................................. 3

*International Audiotext Network, Inc. v. American Tel. and Tel. Co.*,
62 F.3d 69 (2d Cir. 1995) ................................................................................. 2

*Jordan v. Bates USA*,
4 F. App'x 73 (2d Cir. 2001)............................................................................ 8

*Locurto v. Safir*,
264 F.3d 154 (2d Cir. 2001).............................................................................. 6

*Manza v. Newhard*,
470 F. App'x 6 (2d Cir. 2012)........................................................................... 7

*Mullen v. Vill. Of Painted Post*,
356 F. Supp. 3d 275 (W.D.N.Y. 2019).............................................................. 7

*O'Neill v. City of Auburn*,
23 F.3d 685 (2d Cir. 1994)................................................................................ 3

*Reynolds v. Vill. Of Chittenango,*
 No. 5:19-cv-416, 2020 WL 1322509 (N.D.N.Y. Mar. 20, 2020)....................................... 7

*Spinelli v. City of New York,*
 579 F.3d 160 (2d Cir. 2009).............................................................................................. 5

*Spurling v. C & M Fine Pack, Inc.,*
 739 F.3d 1055 (7th Cir. 2014)........................................................................................... 8

*Thurman v. Sears, Roebuck & Co.,*
 952 F.2d 128 (5th Cir. 1992).............................................................................................. 9

*United Student Aid Funds, Inc. v. Espinosa,*
 559 U.S. 260 (2010) .......................................................................................................... 6

*Wolfe v. City of Rochester,*
 No. 6:14-cv-6581, 2016 WL 5845569 (W.D.N.Y. Oct. 6, 2016)....................................... 4

**Statutes**

C.P.L.R. Article 78.................................................................................................................3, 4, 7

N.Y. Civ. Serv. Law § 75 ..................................................................................................3, 4, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 2

Fed. R. Civ. P. 56 ...................................................................................................................... 2

**Constitutional Provisions**

U.S. Const. amend. XIV .............................................................................................................. 3

Defendants Town of Gorham, Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers (collectively, "Defendants"), submit this Reply Memorandum of Law in further support of their motion to dismiss Count Two and Count Three of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's opposition misapprehends his own claims. With respect to his due process claim, he ignores controlling authority holding that a meaningful post-deprivation remedy alone can satisfy due process. He also improperly applies the post-deprivation standard to his asserted pre-deprivation theory and disregards that robust post-deprivation remedies inform whether pre-deprivation process was adequate.

On the state law whistleblower claim, Plaintiff does not—and cannot—distinguish the authorities Defendants cite. The cases Plaintiff relies on confirm that his claim accrued no later than May 2023 and is barred as untimely and for lack of a timely notice of claim. Counts Two and Three should therefore be dismissed.

## ARGUMENT

### I. The Court Should Consider the Attached Exhibits

Plaintiff argues that the seven exhibits Defendants attached to their motion to dismiss "cannot be considered at this juncture." (Plaintiff's Brief ["Pl. Br."], Dkt. No. 8, at 6.) Plaintiff is wrong.

"[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *International*

1

*Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal

quotations omitted). The touchstone is notice:

> A finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since, as noted earlier, the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason—requiring notice so that the party against whom the motion to dismiss is made may respond—that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

Here, each exhibit was relied on in framing the Complaint and was indisputably known to Plaintiff. Plaintiff does not claim he lacked notice of any exhibit. The Court may therefore consider them. *See Cortec Industries, Inc.*, 949 F.2d at 48 ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim.").

Plaintiff's reliance on *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558-59 (2d Cir. 2016) is misplaced. There, the Second Circuit held that sworn testimony from a separate litigation could not be considered because the complaint did not reference the specific testimony at issue. *Id.* at 560. *Goel* does not categorically bar consideration of documents from other proceedings; it requires a sufficient connection between the complaint and the materials offered on a motion to dismiss.

Plaintiff repeatedly claims that the exhibits "are not 'integral'" to the Complaint (Pl. Br. at 6, 7), but does not explain how. He cannot rely on the exhibits' existence while denying the Court the ability to consider them. *See* Compl. ¶ 27 ("In letter dated May 15, 2023,

Eddinger informed Kerrick that his employment with the Town was terminated."); Compl. ¶ 43 (alleging Plaintiff "filed an Article 78 state court action in or around September 2023 which alleged he was improperly denied his due process rights under Civil Service Law § 75"). The exhibits should be considered.

## II.    The Court Should Dismiss Plaintiff's Due Process Claim (Count Two)

*A.  A pre-deprivation hearing is not required in the employment context.*

Plaintiff contends that "[a] pre-removal hearing is required for employment" to satisfy due process. (Pl. Br. at 9.) He does not dispute he received adequate post-deprivation remedies. His due process claim therefore fails unless Defendants were also required to provide pre-deprivation process. They were not.

Plaintiff cites *O'Neill v. City of Auburn*, 23 F.3d 685, 688 (2d Cir. 1994), for the proposition that a public employee cannot be discharged without a pre-termination hearing. (Pl. Br. at 9.) That does not apply where, as here, the claim is based on random or unauthorized acts by state employees rather than the inadequacy of the procedures themselves. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (for claims based on random or unauthorized acts by state employees, "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy"). Plaintiff does not address this distinction.

Plaintiff's due process claim alleges that individual Defendants failed to follow prescribed procedures—not that the procedures were constitutionally deficient. *See* Compl. ¶ 55 ("Defendant Lightfoote violated lawful procedures and Kerrick's due process rights when he told him not to return to work on or around April 7, 2023 without notice of disciplinary

charges pursuant to Civil Service Law § 75."), ¶ 56 ("Defendant Eddinger violated lawful procedures and Kerrick's due process rights when he informed Kerrick his employment with the Town was terminated on or around May 15, 2023 without notice of disciplinary charges pursuant to Civil Service Law § 75.").

This is analogous to *Wolfe v. City of Rochester*, No. 6:14-cv-6581, 2016 WL 5845569, at *3 (W.D.N.Y. Oct. 6, 2016) (J. Telesca), where the plaintiff did "not assert that the due process violation premised on the lack of a pre-termination hearing was caused by an established State procedure; rather the gist of his claim is that Defendants 'disregarded the clearly established laws of the State of New York and the United States when it [sic] wrongfully failed to provide Plaintiff with the procedures set out by the laws of the State of New York.'". This Court found that the allegations were "essentially [] accusing Defendants of committing a 'random, unauthorized act[,]'" and therefore "necessarily fail[ed] because of the availability of [New York Civil Practice Law and Rules] Article 78 review." *Id. Wolfe* similarly concerned allegations that a municipal official failed to provide a plaintiff with a pre-termination hearing pursuant to Civil Service Law § 75. Plaintiff failed to distinguish *Wolfe*, which Defendants previously cited.

In short, Plaintiff alleges random or unauthorized acts by state employees, for which due process requires only an adequate post-deprivation remedy. It is uncontested that Plaintiff had such remedies, including an Article 78 proceeding and a full hearing. His due process claim therefore fails.

B. *Even where pre-deprivation notice is necessary, due process does not require notice describing the alleged misconduct with specificity.*

Plaintiff asserts that "[t]o comply with due process requirements, the notice must 'set forth the alleged misconduct with particularity,'" and contain "specifications of acts or

4

patterns of conduct, not general conclusory charges unsupported by specific factual allegations." (Pl. Br. at 9) (quoting *Spinelli v. City of New York*, 579 F.3d 160, 171 (2d Cir. 2009)).

Plaintiff applies the post-deprivation standard to his pre-deprivation claim. Plaintiff cites *Spinelli* repeatedly (Pl. Br. at 10, 11) to argue Defendants were required to provide particularized pre-deprivation notice. It supports the opposite conclusion.

Even in cases where some pre-deprivation process is required (which this is not), pre-deprivation notice need not describe alleged misconduct with the same particularity required for post-deprivation process. The section of *Spinelli* he quotes concerns the particularity of notice of misconduct in the context of a *post-deprivation* due process claim. *Id.* at 171-173 ("Spinelli's primary argument on appeal is that the City never provided her with the opportunity for a meaningful *post-deprivation* notice and hearing despite her entitlement to one under the City's own regulations.") (emphasis in original). *Spinelli* does not require notice setting forth alleged misconduct with particularity in the context of a pre-deprivation due process claim.

To the contrary, *Spinelli* held that the absence of *any* pre-deprivation notice or hearing did not violate due process. *Id.* at 170-171 ("Here, 'exigent' circumstances necessitating 'very prompt action' on the part of the City were sufficient to justify the City's failure to provide Spinelli with pre-deprivation notice or a hearing.").

Plaintiff similarly misapprehends the difference between pre-termination standards and post-termination standards in his reliance on *Dwyer v. Regan*, 777 F.2d 825, 833 (2d Cir. 1985). Plaintiff contends that in *Dwyer*, "the Second Circuit held the employee adequately alleged that the state violated procedural due process when it failed to provide formal notice

5

and a hearing under CSL § 75 before termination." (Pl. Br. at 12.) That is incorrect. In *Dwyer*, the Second Circuit "rejected here the proposition that a state must routinely provide *pretermination* hearings for employees whose positions are targeted for elimination." *Id*. at 833 (emphasis added). Instead, the employee "was [] entitled to a *posttermination* hearing on his contention that he was impermissibly deprived of his property right." *Id*. (emphasis added).

Plaintiff received actual notice of his upcoming termination, which satisfies any minimal pre-deprivation requirement. *See United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010) (actual notice "more than satisfie[s]" a party's right to due process). Plaintiff cites no authority requiring pre-deprivation notice to describe the alleged misconduct with particularity. Even assuming pre-deprivation process were required, the due process claim still fails because such notice was provided.

> C.  *Even if a post-deprivation remedy alone does not satisfy Due Process, the availability of post-deprivation remedies is relevant.*

Plaintiff contends that "[t]he availability of post-removal process is irrelevant because the Town never provided the mandated pre-removal procedures." (Pl. Br. at 13.) Again, Plaintiff is wrong.

The Supreme Court has explained that "the existence of post-termination procedures is relevant to the necessary scope of pretermination procedures." *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 547 n.12 (1985) (requiring only notice and an opportunity to respond, either in person or in writing, to satisfy pre-deprivation due process because the respondents were later entitled "to a full administrative hearing and judicial review").

Where pre-deprivation process is required, pre- and post-deprivation protections are analyzed together. Robust post-termination remedies reduce what must be provided pre-termination. *See Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) ("When such a public

employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards.").

Plaintiff's own cases underscore how minimal the pre-termination process can be. *Reynolds v. Vill. Of Chittenango*, No. 5:19-cv-416, 2020 WL 1322509, at *6 (N.D.N.Y. Mar. 20, 2020), recognized "the requisite [pre-termination] hearing is a minimal one." *Mullen v. Vill. Of Painted Post*, 356 F. Supp. 3d 275, 282 (W.D.N.Y. 2019), held that "notice of charges and an extremely limited hearing" satisfies pre-deprivation due process. And *Manza v. Newhard*, 470 F. App'x 6, 9 (2d Cir. 2012), emphasized that a pre-deprivation hearing may be "very limited" and is required only where the challenged action is not random and unauthorized.

These authorities confirm that, even when pre-deprivation process is required, the requirement is minimal and post-deprivation process carries greater value. *See Dwyer*, 777 F.2d at 834 ("The nature of a claim of sham [termination] is such that a posttermination hearing will likely be more valuable to the claimant than a pretermination hearing.").

Even if the Court were to find that Plaintiff's claim requires pre-deprivation notice and an opportunity to respond, the requirements were met. Plaintiff had notice of his imminent termination and an opportunity to respond in writing, which he used. (Compl. ¶ 27; Dkt. No. 6-6.) He also had robust post-deprivation remedies, including an Article 78 proceeding and a full Civil Service Law § 75 hearing. (Compl. ¶¶ 48, 32-34.) Defendants therefore provided all processes due. *See Cleveland Bd. Of Educ.*, 470 U.S. at 547 ("We conclude that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures[.]").

### III.    Plaintiff Fails to State a Timely Whistleblower Claim (Count Three)

To revive his stale claim, Plaintiff now asserts he was "effectively reinstated" before Defendants issued a formal termination on July 15, 2024. (Pl. Br. at 15, 16.) The Complaint alleges no reinstatement by the Town. Plaintiff alleges he was told on May 15, 2023, that his employment "was terminated." (Compl. ¶ 27.) He further alleges he was terminated "in May 2023," and later received formal notice "on or around July 15, 2024." (Compl. ¶¶ 27, 29.) He does not allege he was reinstated at any time between those dates.

Plaintiff's claim accrued when he received notice of his termination, regardless of when he was formally discharged. *See Jordan v. Bates USA*, 4 F. App'x 73, 76 (2d Cir. 2001) (in context of discriminatory discharge claim, the "limitations period . . . began to run not . . . when plaintiff allegedly received the Termination Agreement and General Release . . . but earlier [] when plaintiff was first clearly made aware of her forthcoming termination"); *see also Carmellino v. District 20 of New York City Dept. of Educ.*, 2006 WL 2583019, at *43 (S.D.N.Y. Sept. 6, 2006) (employee's constructive discharge claim accrued on the day "she provided definite notice to defendant [] of her intention to retire," regardless of whether the "plaintiff['s] date of actual retirement was different from the specific date contained in her stipulation").

Plaintiff's own authorities confirm his claim accrued no later than May 2023, when he received definite notice of termination—not July 15, 2024, when the discharge was formalized. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000) ("Thus, the time for filing a claim with the EEOC 'starts running on the date when the employee receives a definite notice of the termination, not upon his discharge.'"); *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014) (standard for determining date of employee termination in the Seventh Circuit is "when the employer shows, by acts or words, clear intention to

8

dispense with the employee's services"); *Thurman v. Sears, Roebuck & Co.,* 952 F.2d 128, 134 (5th Cir. 1992) ("[T]he limitations period for a suit for wrongful termination under article 8307c will commence when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination.").

Plaintiff's authorities also confirm that the statute of limitations was not tolled by the state court proceeding. *See Dykstra v. Wyeth Pharmaceuticals, Inc.*, 454 Fed. Appx. 20, 23 n.3 (2d Cir. 2012) (noting that while the statute of limitations will be tolled when a grievance procedure is mandatory under a collective bargaining agreement, it will not be tolled by the invocation of "an alternative remedy"). Because the claim accrued no later than May 2023, it is time-barred and barred by Plaintiff's failure to serve a timely notice of claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the due process claim (Count Two) and whistleblower claim (Count Three) against Defendants Town of Gorham, Zachary Eddinger, Frederick Lightfoote, and Brandon Ayers with prejudice.

DATED: May 7, 2026

Respectfully submitted,

**ADAMS LECLAIR LLP**

By:  /s/ *Ryan Lefkowitz*
Stacey E. Trien, Esq.
Robert P. Yawman, Esq.
Ryan Lefkowitz, Esq.
*Attorneys for Defendants*
1200 Bausch and Lomb Place
Rochester, New York 14604
Tel: (585) 327-4100
strien@adamsleclair.law
rlefkowitz@adamsleclair.law

9